# Tamarin v. Insurance Co. of North America, Appellant.

*Insurance—Baggage insurance—Theft—Pilferage — Words and phrases.*

Where an insurance policy insures trunks and samples of merchandise "against any and all the risks and perils of fire, lightning, navigation and transportation," and further "covers theft in transit of an entire shipping package, excluding all pilferage" and excluding the risk of "theft of samples of jewelry or similar valuables," no recovery can be had for the theft of a fur overcoat taken from one of the trunks, although such coat had been placed in a canton flannel bag to prevent soiling, and for convenience in carrying for purposes of exhibition. The bag is not a shipping package within the meaning of the policy.

The word "pilferage" must be construed as having been used in the sense of filching; of taking a small part only, rather than the whole; of stealing privily.

Argued Oct. 2, 1917. Appeal, No. 59, Oct. T., 1917, by defendant, from judgment of Municipal Court, Phila-

delphia Co., Sept. T., 1916, No. 201, on verdict for plaintiff in case of Morris Tamarin v. Insurance Co. of North America.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Assumpsit on a policy of insurance.   Before KNOWLES, P. J.

From the record it appeared that the suit was brought to recover $300, being the value of a fur coat contained in a trunk which had been insured.  .The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $300.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*F. S. Laws,* of *Lewis, Adler & Laws,* for appellant.

*Albert S. Longbottom,* with him *Robert J. Bryon* and *G. Lawrence Pape,* for appellee.

OPINION BY HENDERSON, J., March 2, 1918:

The policy issued by the defendant contained the following clause: "Hereby insures $3,000 on trunks and samples of merchandise the property of Morris Tamarin in charge or control of two salesmen traveling in their behalf against any and all the risks and perils of fire, lightning, navigation and transportation while in the custody of any railroad, express, transfer, etc., company."   In another part of the policy it is provided as follows: "This policy covers theft in transit of an entire shipping package excluding all pilferage."   The property insured was two trunks containing samples of merchandise.   In one of them there were among other things, two fur coats each of which was placed in a canton flannel bag to prevent soiling and for convenience in carrying for purposes of exhibition.   The trunks were

checked as baggage from Steubenville to Pittsburgh and when delivered to the plaintiff at his hotel it was discovered that the lock of one of them had been forced open and one of the fur coats valued at $300 taken therefrom. It was not controverted that the coat was stolen and the question for determination is whether the policy covered such a loss. That the clause first quoted was not intended to cover a loss by theft we think apparent not only from the language used but from the provision with reference to theft in the policy. What the defendant undertook to insure generally was against the risks and perils of fire, lightning, navigation and transportation. These risks and perils did not include such a loss as that sustained by the plaintiff. It was neither a peril of fire, lightning, navigation nor transportation. It is provided, however, that the policy shall cover more than this risk as appears from the provisions with reference to theft, and it is the first of these on which the plaintiff relies to support his action. That clause of the policy makes the risk cover the theft of an "entire shipping package" but it excludes all "pilferage." It is contended by the appellant that the words "entire shipping package" apply to the trunks and not to the separate articles composing the contents of the trunks while the appellee applies the description to the canton flannel bag in which the coat was kept in the trunk. It is undoubtedly true that the policy covered the contents of the trunks as well as the trunks themselves under the general insurance clause and the provision with reference to theft is an extension and enlargement of the liability created by the preceding terms of the policy, but it is also a restrictive clause in that it is made to apply to a particular kind of property: to wit, a shipping package. We are unable to agree with the contention that the bag containing the coat in the trunk was a shipping package within the meaning of this part of the policy. The purpose of this clause is obvious. The company would undertake responsibility for the trunk. That was the

thing which was checked. A record was presumably kept of its transfer from place to place. It was an object under the eye of baggage agents, station agents and other persons into whose custody it came. Its movement could be traced by the records of the transporting company or by the knowledge of agents and employees into whose care it came. But this could not be said of the contents of the trunk. They were not observable. In case of disappearance there would be no record by which they could be traced. While the insurer therefore, might be willing to take the risk of the trunk he might for manifest reasons decline to assume the risk of the abstraction of articles therefrom. This intention is further made apparent by the exception of all pilferage. This as contended by the plaintiff could only apply to articles of trifling value and appeal is made to the definition of the term in support of that view. But when read with the context we regard the word as being used in the sense of filching; of taking a small part only, rather than the whole; of stealing privily. There could be no reasonable explanation of the use of the term if it was to apply to trifling things only rather than the articles of greater value. It has force, however, when construed to mean an exception from the risk of the abstraction of a part of the contents of a shipping package. The difficulty of guarding against larcenies of the latter kind is an apparent reason for the insertion of such a clause in the policy. It is argued however that the provision of the policy which excepts from the risk of theft samples of jewelry, etc., shows that the distinction was intended to be made between articles of large and small value and therefore the term "pilferage" was intended to apply to smaller insignificant larcenies. The clause referred to is in these words: "This policy excludes the risk of theft of samples of jewelry or similar valuables; also the risks of war or other contrabands or illicit trade." This it will be observed is an exemption from all risk of thefts of jewelry

or similar valuables.    As to them the company did not undertake to be bound at all.    Irrespective of value samples of jewelry were not to be within the protection of the policy; nor other valuables of a similar character. The company would assume no responsibility with respect to that class of property.    But as to the trunks with the contents responsibility was assumed except as to pilferage; that is, theft of articles from the trunks. If the plaintiff's action can be sustained it must be by a construction of the pilferage clause which will make it apply to the contents of the trunk as distinguished from the trunk itself.    The language used we think is not susceptible of that construction.

The judgment is reversed.