CHARLES GOLDMAN, Doing Business as CHARLES GOLDMAN COMPANY, Respondent, *v.* INSURANCE COMPANY OF NORTH AMERICA, Appellant.

First Department, December 3, 1920.

**Insurance — theft insurance — policy covering theft of entire package but excluding all " pilferage," construed.**

The theft of five pieces of cloth from a package containing twelve pieces constitutes " pilferage," within the meaning of an insurance policy against theft of goods in shipment which provides that " this policy covers theft of an entire shipping package but all pilferage is expressly excluded."

The policy does not cover the theft of any part of a package where the package itself is not stolen.

In construing a contract the court should lean to a construction which makes the contract definite and certain and not to a construction which leaves, in substantially every case, a question which must be submitted to a court for determination, which would be the case if this policy were construed to except petty thefts only.

APPEAL by the defendant, Insurance Company of North America, from an order and determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of May, 1920, affirming a judgment of the Municipal Court, Borough of Manhattan, Ninth District.

*Joseph Levy* of counsel [*Levy & Becker,* attorneys], for the appellant.

*Edward C. O. Thomas* of counsel [*Joseph L. Prager,* attorney], for the respondent.

SMITH, J.:

The action is upon an insurance policy. The policy, after including theft as one of the risks thereby covered, states " except as hereinafter specified," and there was then provided: " This policy covers theft of an entire shipping package, but all pilferage is expressly excluded." The shipment was of twelve pieces of woolen cloth, each piece wrapped in a separate piece of paper, but all included in one wooden case which was closed, nailed up, marked and addressed to the consignee. When it reached the consignee five pieces were missing from one of the cases of the value of $611.10. There is a single question in the case and that is whether the theft of these five pieces of woolen cloth from the package constituted pilferage as the word is used in this contract. A number of definitions are given indicating that pilferage generally means petty theft. It is claimed, therefore, that this not being a petty theft was not pilferage, and was covered by the policy. This was so held by the Municipal Court, as matter of law, and by the Appellate Term. The intent of the policy, as I read it, simply covered the theft of an entire package and did not cover the theft of any part of a package where the package itself was not stolen.

I recognize that an insurance contract must be construed strictly against the insurer, because the insurer wrote the contract. The intention of the insurer, however, was plainly expressed to cover only the theft of the entire package and the words " excluding pilferage " were intended to exclude any theft from the package small or great where the package itself was not stolen.

In the case of *Tamarin* v. *Insurance Company of North America* (68 Penn. Super. Ct. 614) this was expressly held in the Superior Court of Pennsylvania. The same clause was there for consideration. The opinion in part reads: " The purpose of this clause is obvious. The company would undertake responsibility for the trunk. That was the thing

that was checked. A record was presumably kept of its transfer from place to place. It was an object under the eye of baggage agents, station agents and other persons into whose custody it came. Its movements could be traced by the records of the transporting company or by the knowledge of agents and employees into whose care it came. But this could not be said of the contents of the trunk. They were not observable. In case of disappearance, there would be no record by which they could be traced. While the insurer, therefore, might be willing to take the risk of a trunk he might for manifest reasons decline to assume the risk of the abstraction of articles therefrom. This intention is further made apparent by the exception of all pilferage. This as contended by the plaintiff could only apply to articles of trifling value and appeal is made to the definition of the term in support of that view. But when read with the context, we regard the word as being used in the sense of filching; of taking a small part only rather than the whole; of stealing privily. There could be no reasonable explanation of the use of the term if it was to apply to trifling things only rather than the articles of greater value. It has force, however, when construed to mean an exception from the risk of the abstraction of a part of the contents of a shipping package. The difficulty of guarding against larcenies of the latter kind is an apparent reason for the insertion of such a clause in the policy." In that case a fur coat of the value of $300 was stolen from a trunk. To this reasoning might be added the further consideration, that the construction as thus claimed would require in almost every case a submission to the jury of the fact as to whether the article stolen from the entire package was of trifling value within the meaning of the policy. This would render the policy indefinite and uncertain, and would cause the necessity of a law suit substantially upon every theft, in order that the court might determine whether the theft was of such an amount as constituted a petty theft, or whether it was a theft of a sufficient amount as not to come within the meaning of the word pilferage. In construing a contract the court should lean to a construction which makes the contract definite and certain and not to a construction which leaves in substantially every case a question which

must be submitted to a court for determination. It would seem clear that the policy never was intended to have such an indefinite and uncertain meaning. The plaintiff admits if the word " only " had been inserted after the words " entire shipping package," so that the clause should read " this policy covers theft of an entire shipping package ' only,' but all pilferage is expressly excluded," that he would have no cause of action. Such an interpretation in my judgment should be put upon this clause, and I think the judgment of the Municipal Court and the determination of the Appellate Term should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Determination appealed from and judgment of Municipal Court reversed, with costs in this court and in the Appellate Term, and complaint dismissed, with costs.