BROOKLYN CLOTHING CORPORATION, Plaintiff, *v.* PEOPLES NATIONAL FIRE INSURANCE COMPANY, Defendant.

BROOKLYN CLOTHING CORPORATION, Plaintiff, *v.* FIDELITY-PHENIX FIRE INSURANCE COMPANY OF NEW YORK, Defendant.

Supreme Court, Kings County, May, 1922.

Insurance — protection to clothing manufacturer for loss caused by riot and commotion — injuries by mob to coats belonging to others on which assured was working — policy covering assured's liability for goods held in trust — bailments — when company liable for full damages caused to coats — rule 113, Rules of Civil Practice.

A bailee's legal liability for loss of goods in his care extends to loss from riot or commotion as much as from any other risk against which it might forefend by whatever reasonable care required.

Plaintiff's clothing manufacturing establishment was invaded by a group of individuals and, among other acts of disturbance, acids and chemicals were spilled upon a number of coats upon which the plaintiff was working for the owners. Plaintiff was insured against loss by " riot and commotion " by policies issued by defendant which not only covered plaintiff's building and the contents therein owned by it or sold but not removed, but it also covered plaintiff's interest in and its legal liability for similar property held by it " in trust or on commission or in joint account with others," etc. In an action on the policy the liability of defendant for the amount of the value of the work done on the coats was conceded and such amount duly tendered, but liability for the value of the coats or the damage to them was denied on the ground that only plaintiff's *personal interest in the coats* was insured. Upon granting plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice, *held*, that " interest " and " legal liability for " read as " interest in and legal liability for " the goods " in trust " was an accurate expression of the rule of the insurer's liability for the insured's full insurable interest.

After the loss had occurred the liability of defendant under its policies of insurance, theretofore conditional, became an absolute debt, and a motion for a summary judgment under rule 113 of the Rules of Civil Practice, in each action, will be granted.

MOTIONS for summary judgments.

*Richards, Smyth & Conway (Albert C. Conway,* of counsel), for plaintiff.

*Samson Selig,* for defendant.

FAWCETT, J.   These are motions for summary judgments under rule 113 of the Rules of Civil Practice.   The actions are to recover under policies of insurance against loss by " riot and commotion." Plaintiff's clothing manufacturing establishment was invaded by a group of individuals and, among other acts of disturbance, acids and chemicals were spilled upon a number of coats upon which the plaintiff was working for the owners.   For the amount of the value of the work done $250.80 liability was conceded, and that amount was duly tendered, but for the value of the coats themselves or the damage thereto, aggregating $791, liability was disputed on the contention that the policy, or rather the policies, for both are the same, was limited to the insurance of plaintiff's personal interest in the goods. In terms the insurance was on the building and " on the contents therein owned by the assured or sold but not removed; also on his (their) interest in and his (their) legal liability for similar property held by him (them) as follows, viz.: In trust or on commisssion or in joint account with others or on storage or for repairs."   A bailee may insure goods in his possession in his own name and to their full value.   There is a real value to protect, and he is so situated with reference to it that he might be liable for the loss if destroyed by the peril insured against.   His actual personal interest and his possible legal liability for the owner's loss make up an insurable interest, the latter being recognized in the words " in trust " (which are in the above quotation from the policies in the present case). *Herkimer* v. *Rice,* 27 N. Y. 163; *Riggs* v. *C. M. Ins. Co.,* 125 id. 7, 12; *Cone* v. *Niagara Fire Ins. Co.,* 60 id. 619; *Stillwell* v. *Staples,* 19 id. 401.

So far the parties are in accord as to the law.   And had there been but the words " in trust " used in reference to the goods, as in the cited cases, they would still be in accord.   There is, however, the word " interest," not present in these cases, and defendant urges that the effect thereof was to restrict the liability to the insured's own interest; that is, its limited personal interest for the value of the work done, as distinguished from its technical insurable interest to the full value of the goods, as that insurable interest is defined in the cases.   The question is whether the reference to interest was for strict inclusion of the personal interest, with strict exclusion of the insurable interest.   I think not.   Doubt disappears when it is noticed that the term " interest " is used in direct conjunction with the term " legal liability for," so that the full phrase reads (and the policy covers) the " interest in and legal liability for " the goods " in trust."   The bailee's legal liability for loss of

the goods in his care extends to loss from riot or commotion as much as from any other risk against which he might forefend by whatever reasonable care required, and since this legal liability is recognized and insured against by these policies in express words, the entire phrase is, as to meaning, controlled thereby. Read as a whole, the phrase is an accurate expression of the rule of the insurer's liability for the insured's full insurable interest, declared in the authorities. And if this construction were matter of doubt and the terms used consonant as well with the contention of the defendant, an insurable contract must be construed against the insurer, because the insurer wrote the contract and that interpretation adopted which is most favorable to the insured. *Goldman* v. *Insurance Co. of North America*, 194 App. Div. 266, 267; *Preston* v. *Ætna Insurance Co.*, 193 N. Y. 142, 144.

The minor contention of the defendant that rule 113 does not apply because the claim is not on a debt or liquidated damage, is unsound. After loss has occurred under a policy, the liability, theretofore conditional, becomes an absolute one; that is to say, a debt. *New York L. Ins. Co.* v. *Universal L. Ins. Co.*, 88 N. Y. 424, 429. In *Peninsular Transportation Co.* v. *Greater Britain Ins. Co.*, N. Y. L. J. Nov. 16, 1921, rule 113 was applied in an action for an insurance loss, apparently without question. Motion for judgment in each case is granted.

Ordered accordingly.