**NEW YORK FIRE INSURANCE COM-
PANY, Appellant,**

v.

**S. J. ASHLEY, Appellee.**

No. 5156.

Court of Civil Appeals of Texas.

El Paso.

April 12, 1956.

Rehearing Denied May 9, 1956.

Hardie, Grambling, Sims & Feuille, William B. Hardie, El Paso, for appellant.

Ray Pearson, R. E. Cunningham, El Paso, for appellee.

HAMILTON, Chief Justice.

This was a suit on an insurance policy for loss of 1,435 pounds of seed cotton, Pima variety, by theft. From a judgment in favor of the insured in the amount of $499.41, the insurer appealed.

The pertinent part of the policy about which we are concerned is as follows, to-wit:

"Seed Cotton.

"This policy covers only within the States of Texas and New Mexico on seed cotton while loaded on vehicles while in due course of transportation to and from cotton fields to cotton gins and while on gin yards on vehicles awaiting ginning, for a period not exceeding ten (10) days, but all liability to cease upon unloading.

This Policy Insures

within the foregoing provisions, and except as hereinafter provided, seed cotton

"(a) While on land against loss or damage caused by Fire, Lightning, Cyclone, Flood, Tornado, Collision, Collapse of Bridges and Overturning of Vehicles;

"(b) While on ferries and/or in cars on transfers or lighters against loss or damage caused by fire and marine perils;

"(c) Against theft of an entire load, but does not include pilferage."

The facts with reference to the theft of 1,435 pounds of cotton are undisputed. Some eight or nine thousand pounds of seed cotton was loaded on insured's four wheel trailer on December 13, 1952, for the purpose of taking same to the cotton gin. The trailer load of cotton was parked on

insured's premises for the night of December 13, during which night persons unknown took from said load of cotton 1,435 pounds of seed cotton in a manner to constitute theft of said cotton. It will be noted that the clause covering theft of cotton reads as follows:

"Against theft of the entire load, but does not include pilferage."

Appellant contends that the trial court was in error in entering judgment for appellee in this state of facts, because appellee's loss was not covered by the policy. Appellee contends that 1,435 pounds of cotton when loaded on a one-bale trailer would constitute an approximate load. We think this would be a strained construction to put on the terms of the policy. It will be noted that the policy also covers loss of seed cotton by virtue of cyclone, fire, lightning, flood, tornado, collision, collapse of bridges and overturning of vehicles, but that coverage is not restricted to the loss of an entire load. The policy covered any loss by virtue of these contingencies, but it appears to us that the language of Section (c) above is entirely different in that it insures against theft of an entire load, and in this case we are concerned with a load of about eight or nine thousand pounds. It certainly cannot be contended that the loss of less than one-fifth of an entire load amounts to theft of the entire load in question. Appellees contend that because the clause also excludes "pilferage" that it was the intention of the contract to cover any part of the entire load except that amounting to petty theft. It seems to us that "but does not include pilferage" makes more certain that the policy was not intended to cover anything less than the entire load, otherwise there would have been no purpose in adding the clause.

There are no Texas cases covering this point. However, there are two cases cited in Vol. 45, C.J.S., Insurance, § 886-a, p. 952, which are thought to be very much in point. They are Goldman v. Insurance Company of North America, decided by the Supreme Court, Appellate Division of New York and affirmed by the Court of Appeals of New York, 194 App.Div. 266, 185 N.Y.S. 210, 232 N.Y. 623, 134 N.E. 597, and Tamarin v. Insurance Company of North America, decided by the Superior Court of Pennsylvania, 68 Pa.Super. 614. The Goldman case involved an insurance policy which had this clause:

" 'This policy covers theft of an entire shipping package, but all pilferage is expressly excluded.' "

The case involved a shipment of twelve pieces of woolen cloth, each piece wrapped in a separate piece of paper, but all included in one wooden case which was closed, nailed up, marked and addressed to the consignee. When it reached the consignee five pieces of the value of $610.10 were missing from the case. The court said:

"There is a single question in the case, and that is whether the theft of these five pieces of woolen cloth from the package constituted pilferage as the word is used in this contract. A number of definitions are given, indicating that pilferage generally means petty theft. It is claimed, therefore, that this, not being a petty theft, was not pilferage, and was covered by the policy. This was so held by the Municipal Court, as matter of law, and by the Appellate Term. The intent of the policy, as I read it, simply covered the theft of an entire package, and did not cover the theft of any part of a package, where the package itself was not stolen.

"I recognize that an insurance contract must be construed strictly against the insurer, because the insurer wrote the contract. The intention of the insurer, however, was plainly expressed to cover only the theft of the entire package, and the words 'excluding pilferage' were intended to exclude any theft from the package, small or great,

where the package itself was not stolen."

The Tamarin case above which is followed in the Goldman case, follows the same line of reasoning used in the Goldman case where "pilferage" is excluded under theft coverage.

The judgment of the trial court is reversed and judgment rendered for appellant, that appellee take nothing.

McGILL, Justice (dissenting).

This was a suit by appellee to recover the value of seed cotton stolen from him upon which appellant had issued a policy of insurance. The policy insured the seed cotton "against theft of an entire load, but does not include pilferage". Appellant contended that the policy did not cover the theft because it was only a portion of the entire load of cotton, and also because such theft constituted pilferage, which was expressly excluded from coverage by the policy. The trial court rendered judgment against the appellant for the amount of the loss.

The provision of the policy involved is: This policy insures cotton "against theft of an entire load, but does not include pilferage". The cotton was loaded on a four-wheel trailer which had a loading capacity of 8,000 or 9,000 pounds. Approximately 1,435 pounds were taken from the trailer. According to appellee's testimony there was from 8,000 to 9,000 pounds upon the trailer. It is appellant's contention that since the entire load was not taken the loss was not covered by the policy. There was testimony that in the vernacular of farmers a bale of cotton constituted a load. The trial court took this view of the matter, and I think correctly so. In my opinion an entire load included a substantial part thereof. This is a case where application of the general rule that a liberal construction in favor of the insured should control.

The judgment should be affirmed.