EVA R. BRESLERMAN, Plaintiff, *v.* NEWARK INSURANCE COMPANY, Defendant.

Civil Court of the City of New York, Small Claims Part, Kings County, November 25, 1966.

*Louis A. Breslerman* for plaintiff. *Connors & Coyle* for defendant.

JOSEPH HELLER, Arbitrator. Defendant insured plaintiff under a Personal Effects Floater Policy against all risk of loss or damage to the insured property. The policy covers " personal effects such as are usually carried by tourists and travellers, belonging to and used or worn by the insured and or his wife and their unmarried children permanently residing together."

The policy excludes, " automobiles, motors, motorcycles, bicycles, boats or other conveyances, or their appurtenances, accounts, bills, currency, deeds, evidences of debt, letters of credit, passports, documents, money, notes, securities, railroad or other tickets, *household furniture,* animals, automobile robes or other automobile equipment, salesman's samples, physicians and surgeons instruments, artificial teeth or limbs, merchandise for sale or exhibition, theatrical property of any kind, nor any property specifically or otherwise insured." (Italics supplied.)

The policy does not insure, " While in storage, except at points and places en route during travel and incidental thereto ".

Plaintiff seeks to recover the cost ($135.15) of a small battery-operated personal Panasonic television set which was stolen from the apartment of her son, who resided at a different location. The article and some others were delivered to plaintiff's son at a time when plaintiff departed for Europe.

Defendant, for the purpose of this trial, does not put in issue the facts but contends that as a matter of law plaintiff may not recover, for the following three reasons:

(1) The article in question is not " personal effects such as are usually carried by tourists and travellers ";

(2) The article in question, broadly speaking is to be classified as " household furniture " and therefore not covered under the policy and

(3) While plaintiff left for Europe she " stored " the article with her son and therefore the policy does not insure under the exclusion clause.

The meaning of the clauses in question is not free from doubt. The guide to the proper construction of the insurance policy is spelled out as follows:

The policy of insurance was prepared by the defendant and therefore must be construed most favorably to the insured. (*Matthews* v. *American Cent. Ins. Co.,* 154 N. Y. 449, 456–457; *Goldman* v. *Insurance Co. of North America,* 194 App. Div. 266, 267, affd. 232 N. Y. 623.)

Where reasonable and intelligent men on reading the terms of an insurance contract could honestly differ as to its meaning, the doubt should be resolved against the company; and if the company desires to exclude from its general coverage or limits its liability, it has the responsibility of wording it in clear and unmistakable language so that no average person can be misled (*Birnbaum* v. *Jamestown Mut. Ins. Co.,* 298 N. Y. 305, 309, 311, 313.)

If there be no ambiguity in the entire insurance contract it must be read in the ordinary sense which precludes any interpretation by the court; however if ambiguity is present it must be construed in favor of the insured and against the insurer. (*Hartol Prods. Corp.* v. *Prudential Ins. Co. of America,* 290 N. Y. 44, 49.) Especially where exclusion clauses are involved. (*Matsuo Yoshida* v. *Liberty Mut. Ins. Co.,* 240 F. 2d 824, 826.)

The first question to be determined is whether the small battery television set is " personal effects such as are usually carried by tourists and travellers."

" Personal effects " has no settled technical meaning and its interpretation varies with the setting in which it appears. When

used in wills the construction may be such as to avoid intestacy, and should therefore not be applied to insurance policies.

A case in point seems to be *Ettlinger* v. *Importers & Exporters Ins. Co.* (138 Misc. 743 [App. Term]). In that case two removable bridges were placed in an office desk and they disappeared. The plaintiff had an all-risk personal effects insurance policy very much like ours.

In holding that removable bridges are "personal effects usually carried by tourists and travelers-belonging to and used or worn by the assured", the court said (p. 744) that "personal effects" is "property having a more or less intimate relation to the person of the possessor" and "effects" as "movable or chattel property of any kind". The words "usually carried by tourists and travelers" do not necessarily apply only to such articles as most tourists and travelers carry, but mean merely that the personal effects are to be of the kind usually carried by such tourists and travelers *as own them*. In other words, the policy is designed to cover such personal effects as a man who owned them would carry with him while touring and traveling.

Removable bridges for the mouth and miniature television sets for the eyes, each in their own way are effects which are usually carried by tourists and travelers if they own them and have use for them. I might observe artificial teeth are specifically excluded under existing policies.

The second question to be determined is whether the television set in question is household furniture.

The terms household furniture embraces all personal chattels which contribute to the use or convenience of the householder and to the ornament of the house as plate, linen, china, both useful and ornamental and pictures. (*Matter of Frohmann*, 205 Misc. 913, 915 [Kitchenware, dinnerware and silverware].)

And so a radio intended for the use and enjoyment *of the owner in his home* was held to be an article of household furniture by an *unmarried man* in *a single rented room for tax exemption purposes*. (*Inhabitants of Town of Holden* v. *James*, 136 Me. 115).

To the contrary is *Matter of Michealson* (113 F. Supp. 929) where it was held that a television set was not exempt as an item of "household furniture" or as a "musical instrument".

The policy in question enumerates more than 30 items of personal property which are not covered by the policy. Household furniture is one of the many enumerated articles not covered. It would seem the insurance company had a duty to spell out in plainest terms any exclusionary or delimiting policy provisions. It could have defined household furniture.

"It is not enough that the construction contended for by the insurer-defendant can be fairly made. The construction sought by it must be the only construction that can fairly be placed thereon." (*B & H Mgt. Corp.* v. *Harwdare Mut. Cas. Co.*, 9 A D 2d 533, 535, affd. 9 N Y 2d 674.)

The opposite holding in *Inhabitants of Town of Holden* v. *James* and *Matter of Michealson* (*supra*) serves to emphasize that the construction urged by the defendant is not the only one which can be placed on the exclusion clause herein. To sustain the construction urged, the insurer has the burden of establishing that the words and expressions used not only are susceptible of that construction but that it is the only construction that can fairly be placed thereon.

The third question to be determined is whether the article was in storage when the loss occurred. Storage denotes a certain degree of permanency. Specifically it may be said storage is the safekeeping of goods in a warehouse or other depository. (40 Words & Phrases, p. 336.) Storage is not synonymous with possession or custody. The policy in question 4 (c) provides for noninsurance in case the personal effects are in the custody of students while in certain locations. The defendant recognizes that there can be custody as opposed to storage. Plaintiff's son kept the article in his apartment, which was not a warehouse, storehouse or storeroom, during his parent's travels.

Defendant strongly urges that the intention, as in *Williams* v. *Fireman's Fund Ins. Co.* (54 N. Y. 569), was to use the word storing in the sense of safe custody. Also that transit and storage are analogous with the words carried and storage.

The policy (4b) excludes coverage while in storage, but does not exclude coverage while in storage in points and places en route during travel and *incidental thereto*. The son may have had custody as an incident to his parent's travels.

The policy provisions are couched in general terms and they are to be construed and read by me in the light of changing conditions brought about by progress.

Paragraph 7 of the policy "Conditions" deals with valuations. The company is not to be liable beyond the actual cash value at time of loss — with proper deduction of depreciation. The only proof before me is that the cost on September 3, 1965 was $135.15 and the loss occurred on January 17, 1966. I will allow $10.15 for depreciation. Judgment for plaintiff for $125. Five-day stay.