FALLS SHEET METAL WORKS, INC., APPELLEE, *v.* UNITED STATES FIDELITY & GUARANTY CO., APPELLANT.

(No. 6220—Decided March 12, 1969.)

*Messrs. Amer, Cunningham, Cunningham, Brennan & Miller,* for appellee.

*Messrs. Wise, Roetzel, Maxon, Kelly & Andress* and *Mr. John M. Ulman,* for appellant.

HUNSICKER, P. J. An appeal on questions of law is lodged in this court from a judgment entered in behalf of

plaintiff, Falls Sheet Metal Works, Inc. (appellee here), by the Court of Common Pleas of Summit County.

There was also filed in this case a motion and brief by the appellee asking that the judgment be affirmed or, in the alternative, that the appeal be dismissed. The reason given in the motion is that no bill of exceptions has been filed in accordance with Section 2321.05, Revised Code. We find that there has been filed in this case an "Agreed Stipulation of Fact." The judgment entry indicates that the case was heard on the agreed stipulation of fact and briefs of counsel only, and not on any other evidence. There is full compliance with Section 2321.12, Revised Code. The motion is denied.

The problem we have, in the instant case, is to determine whether a property damage exemption clause in a contract of insurance is applicable, or whether Falls Sheet Metal Works, Inc., the insured, was covered by the insurance contract at the time a Magirus ladder belonging to Goodyear Aerospace Corporation was damaged.

Employees of Falls Sheet Metal Works had used this ladder without permission; they were removing the ladder at the request of employees of Goodyear Aerospace, its owner, from the location where these employees of Falls Sheet Metal Works had placed it. At the time of the damage complained about, no employee of Falls Sheet Metal Works was in the immediate vicinity of the ladder; these employees of Falls Sheet Metal Works, who were moving the ladder, left it to attend to other duties, to wit, moving a truck from a building of Goodyear Aerospace. During the absence of the employees of Falls Sheet Metal Works from the vicinity of the ladder, it was blown over and severely damaged.

Certainly, these employees were negligent, but can it be said that, at the time of damage to this property, it was in the care, custody or control of Falls Sheet Metal Works? We do not think so. The property had been used without the permission of the owners, and it was not, at the time of the damage, being used by any employee of Falls Sheet Metal Works. See: *Great American Indem. Co.* v. *Saltzman,* 213 F. 2d 743.

The exemption provision of the contract of insurance contained another qualifying clause, to wit, "or property as to which the insured for any purpose is exercising physical control."

The actual manual handling of the ladder by employees of the insured, Falls Sheet Metal Works, had ceased a short time before the ladder was blown over and damaged. It was the intention of these employees to return to the site of the ladder and complete the task of retracting it to its closed position and moving it to a place of safety. When these employees left the ladder to move the truck, were they within the terms of the qualifying clause "for any purpose * * * exercising physical control" over this ladder?

The language of the contract of insurance was chosen by the appellant, United States Fidelity & Guaranty Company, and such language, by the rule in Ohio, must be liberally construed in favor of the insured and strictly construed as to the insurer. This rule, of course, applies here because this phrase which exempts the insurer is susceptible of more than one construction. *Butche* v. *Ohio Casualty Ins. Co.,* 174 Ohio St. 144. The rule of *Mosher* v. *Equitable Life Assurance Society of the United States,* 57 Ohio App. 435, does not apply.

We do realize, however, that such phrase—"property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control"—has been declared to be clear and unambiguous in many Tennessee cases. See: *Hill* v. *United States Fidelity & Guaranty Co.,* 48 Tenn. App. 419, 348 S. W. 2d 512. However, we believe the latter part of that phrase is not so clear as to be declared to be unambiguous as a matter of law. There is authority that this exclusion clause herein is inherently ambiguous. See: 62 A. L. R. 2d 1242 *et seq.*

The cases in which the interpretation of this phrase has been undertaken by certain courts in this country are usually based upon facts disclosing that actual physical contact was being made with the damaged property by employees of the insured, or that they were in the act of phy-

sically using the property for some purpose beneficial to the insured.

*Crist* v. *Potomac Ins. Co.,* 243 Ore. 254, 413 P. 2d 407; *P & M Stone Co.* v. *Hartford Accident & Indemnity Co.,* 251 Iowa 243, 100 N. W. 2d 28.

In the cases cited to us by counsel for the insurer, we find a similar situation existing. In *John G. Speirs & Co.* v. *Underwriters at Lloyd's London,* 84 Cal. App. 2d 603, 191 P. 2d 124, the insured was working on the truck that was damaged when fire broke out, and, hence, there was physical control of the vehicle. In *Hill* v. *United States Fidelity & Guaranty Co.,* 48 Tenn. App. 419, 348 S. W. 2d 512, damage to printing presses occurred while workmen for the insured were working on motors bolted to the damaged printing presses. Here again the insured or his employees were in actual physical control and contact with the damaged property.

Physical control, as used in the exemption clause, relates to bodily contact with the damaged property at the time it suffers the damage. The phrase covers property upon which a trespass is being exercised, that is to say, property used without permission, as in the instant case.

At the time of the damage suffered by the Magirus ladder, its use for the purposes intended by Falls Sheet Metal Works had ended. At the moment of damage, they had no physical control of the ladder, although it was through the negligence of the employees of Falls Sheet Metal Works that it was left in an extended position in a high wind. It is our conclusion that the exemption provision has no application under the circumstances found in this case, and the insurer must be held liable for the damage under the terms of its contract of insurance.

The judgment must be affirmed.

*Judgment affirmed.*

Doyle, and Brenneman, JJ., concur.