No. 46,476

RALPH E. BLUE, *Appellant*, v. AETNA LIFE INSURANCE COMPANY, *Appellee.*

(494 P. 2d 1145)

Opinion filed March 4, 1972.

*Gerald W. Scott*, of Wichita, argued the cause and was on the brief for the appellant.

*Jerry G. Elliott*, of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause, and *Mikel L. Stout*, of the same firm, was with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an action by plaintiff, an employee of Boeing Aircraft to recover benefits under a group policy issued to Boeing by defendant for the benefit of employees.

The issue was whether plaintiff was entitled to eighteen months or twenty-four months of payments under the "occupational disability" provisions of the "permanent and total disability" definition set forth in policy No. GL707. The trial court held that plaintiff was entitled to eighteen months only and plaintiff appeals.

The plaintiff, Ralph E. Blue, was employed by Boeing Aircraft Company, Wichita, Sedgwick County, Kansas, and while so employed was insured by Aetna Life Insurance Company under group policies Nos. GL707, GC707, and GC62250. The plaintiff became disabled on July 3, 1967, and following a six-months elimination period applied for his benefits under these insurance policies. Payment was declined by Aetna Life Insurance Company, and the plaintiff filed his petition herein seeking payment of his disability benefits and attorney fees on the grounds that the defendant's refusal to make disability payments was unreasonable, arbitrary, and without just cause.

At a pretrial conference held September 2, 1970, the plaintiff's counsel made an oral motion for partial summary judgment on the first portion of the insurance policies, which provided for disability and other payments during a period of time the plaintiff or employee was prevented from "performing the duties of his own occupation, or other appropriate work made available by the participant employer," commonly referred to as "occupational disability." No motion was made for that portion of the policy which provided for disability payments if the plaintiff was prevented "from working in any reasonable occupation," commonly referred to as "general disability." The trial court granted the plaintiff's motion for summary judgment, but limited payment under its ruling to the period of time commencing six months after the plaintiff's disability started, through the twenty-fourth month following the starting of the plaintiff's disability or a total of eighteen months of compensation.

We do not have the policy before us, but both parties agree the issue to be determined is controlled by a proper interpretation of the following portion of the policy which reads:

"Upon receipt by the Insurance Company at its Home Office . . . of due proof that the Employee . . . has become permanently and totally disabled, as hereinafter defined,

"(1) The Insurance Company shall begin paying to the Employee a monthly income in the amount hereinafter provided, and

"(2) The Insurance Company shall continue in force during the continuance of such disability, without payment of premiums, an amount of insurance equal

to the amount of insurance in force under the group policy on the life of the Employee at the commencement of such disability; . . . and

"(3) The Insurance Company shall begin to apply, on behalf of the Employee, the monthly contribution for the Employee's medical expense coverage if any, under group policy No. GC-62250, another contract between the Insurance Company and the Policyholder.

"For the purposes of this section, permanent and total disability is a disability resulting from bodily injury or disease

"(1) which prevents the Employee from performing the duties of his own occupation, or other appropriate work made available by the Participant Employer, during the first two years of such disability and which thereafter prevents the Employee from working in any reasonable occupation; for the purpose of the group policy, 'reasonable occupation' means any occupation or employment for which the Employee is fitted or may reasonably become fitted by education, training, or experience, but shall not mean any such occupation if it is in connection with a rehabilitation program approved by the insurance company in writing; and

"(2) which has continued without interruption for a period of at least six months; . . ."

Plaintiff summarizes the policy as follows, claiming that this language controls the issue in this action:

"For the purpose of this section, permanent and total disability is a disability

"(1) which prevents the employee from performing the duties of his own occupation, during the first two years of such disability; and

"(2) which has continued without interruption for a period of at least six months; . . ."

Plaintiff argues that the judgment of the trial court should be reversed on one of two theories.

He first claims the court erred in its interpretation of the policy as providing a six-months waiting period and payments for eighteen months to satisfy the requirements of the policy for the first two years of such disability instead of interpreting the policy as providing for payments for a total of twenty-four months under the occupational disability definition.

He also claims the provisions as to the length of time payments would be made for the first two years of disability were ambiguous and the court erred in failing to apply the construction most liberal to plaintiff.

Our approach to the problem is controlled by the rule frequently stated in our cases and recently restated in *Fowler v. United Equitable Ins. Co.,* 200 Kan. 632, 438 P. 2d 46, as follows:

". . . The language of a policy of insurance, like any other contract, must, if possible, be construed in such manner as to give effect to the intention

of the parties. The test to be applied in determining this intention is not what the insurer intended the policy to mean, but what a reasonable person in the position of the insured would understand it to mean. When the contract is clear and unambiguous, the words are to be taken and understood in their plain, ordinary, and popular sense, and there is no need for judicial interpretation of the application of rules of liberal construction; the court's function is to enforce the contract according to its terms. Since an insurer prepares its own contracts, it has a duty to make the meaning clear, and if it fails to do so, the insurer, and not the insured, must suffer. Thus, if the terms of a policy are ambiguous or uncertain, conflicting, or susceptible of more than one construction, the construction most favorable to the insured must prevail. . . ." (pp. 633, 634.)

We have attempted to interpret the words of the policy from the standpoint of "a reasonable person in the position of the insured" and "in their plain, ordinary, and popular sense." We are inclined to believe that the insured, from the language used, would form an impression, since two years was the only period mentioned, that he was entitled to two years of benefits. It is only when a careful analysis of the language is made that difficulty arises.

The problem centers around the use of the word "such." We are unable to determine whether the antecedent of the word "such" is "disability" or "permanent and total disability." If it refers to "disability" it would imply a payment for eighteen months. If it refers to "permanent and total disability" it would imply a payment for twenty-four months.

The language of the policy plainly discloses that "permanent and total disability" does not exist until the six-months period has passed. We are unable to determine whether the policy provides payments for twenty-four months after "permanent and total disability" comes into existence or whether the policy provides payments for twenty-four months after "disability" occurs.

In view of the foregoing, we cannot avoid the conclusion that the policy was vague and ambiguous. The conclusion could easily have been avoided by a statement in the policy that payments would be made for eighteen months or twenty-four months following a determination that the insured was totally and permanently disabled.

It then becomes incumbent upon us to construe the policy most favorable to the insured. (*Fowler v. United Equitable Ins. Co.,* supra; *Lavin v. State Farm Mutual Automobile Ins. Co.,* 193 Kan. 22, 391 P. 2d 992.) In so doing, we hold that the policy should provide benefits for a period of twenty-four months.

We direct the trial court to make proper orders providing for an additional payment to plaintiffs for the six-months period in dispute.

Reversed with directions.