No. 46,271

RAYMOND S. ARNOLD, PAUL A. BECKER, EARL K. BRECHT, OWEN W. BRUMLEY, DOUGLAS COOK, FRANK DAILY, MELVIN L. DICK, LEROY EVERITT, CLARENCE J. HULL, ARLEY C. MARTIN, RICHARD L. MC-GOWEN, BILLIE MYERS, JOE RIOS, RONALD G. ROSS, JOE D. SCOTT, HARLEY SEXTON, CHARLES E. SPARKS, ROBERT J. STEELE, WILLIAM L. STEWART, JOHNNY WHITE, STANLEY C. WHITTLEY, and PAUL L. YOUNG, *Appellees, v.* ADVENTURE LINE MANUFACTURING COMPANY, INC., *Appellee,* THE WESTERN CASUALTY AND SURETY COMPANY, FT. SCOTT, KANSAS, *Appellant.*

(495 P. 2d 1007)

Opinion filed April 8, 1972.

*Richard C. Dearth,* of Parsons, argued the cause, and *Glenn Jones,* also of Parsons, was with him on the brief for the appellant.

*Jack L. Goodrich,* of Parsons, argued the cause and was on the brief for Adventure Line Manufacturing Company, Inc., appellee.

*Charles F. Forsyth,* of Fleming and Forsyth, of Erie, was on the brief for Raymond S. Arnold, *et. al.,* appellees.

The opinion of the court was delivered by

FROMME, J.: This is an appeal from a judgment imposing liability against an insurance company under a general comprehensive liability insurance policy. The primary question is whether an exclusionary clause in the policy eliminated coverage for a fire loss of hand tools owned and used by employees of the insured. The plant of the insured was destroyed by fire. The exclusionary clause is one generally referred to as a "care, custody or control clause".

First a brief summary of background facts should be given. The employer, Adventure Line Manufacturing Company, Inc., was engaged in government contract work making parts for bombs in Parsons, Kansas. The employer obtained a general comprehensive liability policy from appellant, The Western Casualty and Surety Company, hereinafter called the insurer or the insurance company. A fire destroyed the employer's plant. Hand tools owned by employees valued at $12,189.91 were lost in the fire. In a jury trial the plaintiff employees obtained a judgment against the employer. The employer was defended in that action by the insurance company. Garnishment was then issued against the insurance company and in the proceedings which followed the trial court found the exclusionary clause in the policy did not exclude coverage for the loss of the employees' tools. This appeal followed.

The general comprehensive liability insurance policy issued by the insurer provided for payment on behalf of the insured employer of all sums which the insured should become legally obligated to pay as damages because of property damage caused by accident. This was identified in the policy as coverage C.

In the first action it was established that the employer was legally obligated to pay damage to the employees for their tools damaged while in the plant building because of the accidental fire. The negligence found was poor housekeeping and failure to keep fire extinguishers on the premises in workable order.

The exclusionary clause, in pertinent part, reads as follows:

"This policy does not apply:

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"(*h*) under coverage C to property damage to (1) property owned or occupied by or rented to the insured, or (2) . . . property used by the insured, or (3) . . . property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control, . . ."

A similar exclusionary clause was considered by this court in *Buchanan v. Employers Mutual Liability Ins. Co.*, 201 Kan. 666, 443 P. 2d 681. An annotation appears in 62 A. L. R. 2d 1242 covering similar "care, custody or control" clauses appearing in liability insurance policies. Generally the cases indicate this clause is aimed at eliminating coverage in situations in which the insured is closely connected with the property by exercising some sort of control over it. In *Herrman v. Folkerts*, 202 Kan. 116, 446 P. 2d 834, this court's holding is in line with what seems to be the general view of the courts that what is contemplated by "in care, custody or control of insured" is possessory handling, physical custody, dominion, authority or control over the property, as distinguished from the proprietory right of control. The exclusion as to property over which the insured has the proprietory right of control appears to have been specifically covered under paragraph (*h*) (1) of the present exclusionary clause under "property owned or occupied by or rented to the insured". No question of exclusion under this paragraph has been raised.

In *Stewart v. Preferred Fire Ins. Co.*, 206 Kan. 247, 477 P. 2d 966, we pointed out:

"In contracts of adhesion, where the insurance company selects the language and the insured is 'stuck with it', this court has adhered to the rule that any uncertain language in an insurance policy should be construed strictly against the company and liberally in favor of the insured. . . ." (p. 249)

This rule was further refined in *Buchanan v. Employers Mutual Liability Ins. Co.*, supra, by pointing out that when there are doubts, uncertainties or ambiguities arising from an exclusionary clause placed in a general comprehensive liability insurance policy by reason of the evidentiary facts of a particular case, the uncertainties arise by reason of language employed by the insurer company and they should be resolved in favor of the policy holder. It was there established that the facts existing *at the time of the injury or damage* control. The exclusionary clause must be applied, if at all, as the facts and circumstances were at the time the

damage occurred. (See also *Falls Sheet Metal Works v. U. S. F. & G. Co.*, 17 Ohio App. 2d 209, 46 Ohio Ops. 2d 304, 245 N. E. 2d 733, and *Kirchner v. Hartford Accident & Indemnity Co.*, (Mo. App.) 440 S. W. 2d 751, 756.)

In the present case the evidence bearing upon the applicability of the "care, custody or control" exclusionary clause indicated that the employees were mechanics and maintenance men. Such laborers are generally expected to furnish certain hand tools with which they carry out their duties. This is a custom in their trade. In the case at bar the employees were required to furnish certain minimum tools. Some brought more tools than were required. The tools were used in their work. The employer made no inventory of what tools the employees brought. The employer had supervision and control of the employees in the performance of their duties. The employees, however, retained the supervision and control over their own tools. Each employee kept his own tools in a tool box. If tools were to be used by others, permission for their use had to be obtained from the employee owner. It was a common practice to leave the boxes of tools on the plant premises. If the tools were to be removed from the premises, the tools had to be checked by the employer. This was required to prevent the employees from removing from the premises tools owned by the employer.

The fire which destroyed both the plant and the tools occurred just before noon and originated at the employer's number six die-casting machine. There is no evidence in the record as to the physical location, use, custody or control of the employees' tools when the fire broke out. At most the evidence would establish the tools were somewhere on the plant premises. They may or may not have been in immediate use when the fire broke out.

Under these circumstances the trial court as trier of facts determined that the hand tools were in the possession and control of the various employees and were not in the possession and control of the insured employer. The "care, custody or control" clause, under the evidentiary facts, did not exclude coverage. Judgment against the insurance company was entered. We agree with that holding.

The appellant-insurer argues that since the insured employer directed the duties of the employees and the employees' duties required the use of these tools, it should follow that the employer was in control of both the employee and his tools. There was no dispute that the tools were on the plant premises when they were destroyed.

The difficulty encountered in this case in applying the facts to the exclusionary clause arises because the coverage extended under general comprehensive liability insurance is usually considered in the context of damage to property of third parties. Most of the cases referred to in this opinion, including those collected in 62 A. L. R. 2d 1242, do not relate to property owned by employees of the insured. The property involved in most of the cases is owned by subcontractors or unrelated third parties. As to unrelated third parties the notions usually embodied in the maxim "respondeat superior", arising from the master and servant relationship, are not present. When the "care, custody or control clause" is examined in light of the master and servant relationship, which in certain instances makes the act of the employee also the act of the employer, the meaning of the exclusionary clause is obscure. The term "insured" as defined in the policy does not encompass an employee. Yet in the exclusionary clause when it refers to property used by a corporate insured or property in the care, custody or control of the corporate insured or property as to which the corporate insured is exercising physical control, such can only occur through the acts of the employees.

An employee, however, is a distinct person having rights in his own person and property. The exclusionary clause does not expressly exclude coverage on property owned, used or controlled by employees. If this result was intended it was not clearly expressed. It could have been. (See *Morris & Co., Inc., v. Lumber Mut. Casualty Ins. Co.*, 163 Misc. 715, 298 N. Y. S. 227.)

That liability which is not clearly excluded from coverage under a general comprehensive liability insurance contract is presumed to have been included.

When the "care, control or custody clause" used in a general comprehensive liability policy to exclude portions of the coverage is of a generally ambiguous character such clause should be applied with common sense and practicality on the basis of the evidentiary facts. When it does not conclusively appear that the insured was exercising physical custody, dominion, authority or control over the property at the time of its injury, the question of care, control and custody should be resolved by the trier of fact. (*Buchanan v. Employers Mutual Liability Ins. Co.*, supra.)

Therefore we conclude that the applicability of the exclusionary clause in this case was a question to be resolved by the trier of fact.

Under the evidence the trial court could find the employees' tools were not in the care, custody or control of the employer when the damage to the tools occurred.

The judgment is affirmed.

PRAGER, J., not participating.