(614 P.2d 461)
No. 50,754

TOPEKA RAILWAY EQUIPMENT, INC., *Appellant,* v. FOREMOST INSURANCE COMPANY, *Appellee.*

Opinion filed July 18, 1980.

*William T. Nichols,* of Marshall, Hawks, Hendrix, Schenk & Nichols, of Topeka, for appellant.

*Ronald P. Williams,* of Shaw, Hergenreter, Quarnstrom & Wright, of Topeka, for appellee.

Before FOTH, C.J., ABBOTT and SPENCER, JJ.

ABBOTT, J.: This is an appeal by plaintiff Topeka Railway Equipment, Inc., the insured, from an order by the district court granting judgment to defendant Foremost Insurance Company, the insurer, holding that an exclusionary provision in the policy applied and no coverage was afforded the insured.

The insured's business includes modifying and repairing railroad cars. A number of cars owned by the United States government had been delivered to the insured at Forbes Air Force Base, and were being held on a railroad track awaiting modification. Two of the cars subject to the modification contract were involved in an accident and this lawsuit arises out of that accident. The insured now rents track space at Forbes, but at all times material to this case it was merely a permissive user of the railroad tracks. The accident alleged here occurred when one of the boxcars that had been parked in a string with at least two other railroad cars somehow started rolling down the track. A switch engine was pushing a string of nine railroad cars on a connecting track at the same time. The front car of that string also belonged to the United States government, and was being held for modification as a part of the same contract. The loose, rolling car struck the front car of the nine-car string the locomotive was pushing, causing damage in the amount of $11,114.29 to the two colliding cars.

Neither car was being worked on at the time of the accident, but the nine-car string was being moved from one point to another at Forbes. All of the railroad cars had been delivered to Topeka Railway for modification and had been parked at various locations at Forbes Air Force Base until workmen for the insured could get to them. The cars were under the control of the insured after they had entered the boundaries of Forbes Air Force Base, and they could be and were moved from point to point at Forbes by employees of the insured. After modification work was completed on cars subject to the contract, they were parked and held only for the period of time necessary for an authorized representative of the United States government to remove them. No separate charge was made for storage or safekeeping. As we view it, the railroad cars were delivered for the primary purpose of modification and repair, and their temporary storage was incidental thereto.

The single issue before this court involves the interpretation of the broad form property damage endorsement that replaced certain provisions in the policy, a portion of which is referred to as the "care, custody or control" exclusion.

The pertinent portion of the broad form property damage endorsement reads:

"(y) to property damage.

"(1) to property owned or occupied by or rented to the insured, or, except with respect to the use of elevators, *to property held by the insured for sale or entrusted to the insured for storage or safekeeping,* [Emphasis supplied]

"(2) except with respect to liability under a written sidetrack agreement or the use of elevators to

"(a) property while on premises owned by or rented to the insured for the purpose of having operations performed on such property by or on behalf of the insured,

.  .  .  .

"(d) that particular part of any property, not on premises owned by or rented to the insured,

"(i) upon which operations are being performed by or on behalf of the insured at the time of the property damage arising out of such operations, or  .  .  .  ."

Foremost relied on three exclusions for its policy defense, two of which the trial court rejected after hearing evidence. The (y)(2)(a) exclusion was rejected on the basis that the accident did not occur on premises owned by or rented to the insured. The trial court also rejected (y)(2)(d)(i), finding that the damage sustained to the cars did not occur or arise out of any operation or work for which the cars were delivered to the insured. Foremost, and rightly so, does not question the trial court's decision on those two points. The exclusion provision would apply if the cars had been on premises owned by or rented to the insured, or if the damage had been sustained by or occurred as a result of or arose from any modification or repair work that had been performed.

The only question before us, then, is whether the exclusionary provision in (y)(1) excludes coverage based on the undisputed facts before us. It excludes coverage on "property held by the insured for sale or entrusted to his insured for storage or safekeeping." The trial court found that the exclusion provision denoted in (y)(1) is ambiguous; therefore, it should be construed against the insurer, and the burden is on the insurer to prove that the facts in this case bring it within this exclusionary clause.

The trial court, relying largely on *Adventure Line Mfg. Co. Inc. v. Western Casualty & Surety Co.,* 214 Kan. 820, 522 P.2d 359 (1974), and a Fire, Casualty & Surety Bulletin, ruled that the case should be determined as a care, custody or control question. It then held that the insured had physical control of the cars and thus that coverage was excluded by virtue of (y)(1). We have no quarrel with *Adventure;* it represents sound law in line with the majority of jurisdictions. It holds that ,a bailment had been

created for the mutual benefit of the parties and that the vehicle was "in the care of the insured" within the meaning of the "care, custody or control" exclusion of an insurance policy. The Fire, Casualty & Surety Bulletin merely states that the broad form endorsement replaces the standard care, custody or control exclusion and would also exclude coverage on property "entrusted to the insured for storage or safekeeping" and it "need not be on the insured's premises or actually under his control at the time of the loss."

We are unable to agree that merely creating a bailment situation is sufficient to bring the exclusionary provision provided for in (y)(1) into play. We deem this case to be one not solely of fact. The trial judge's findings are consistent with the position of the parties that a bailment was created. The primary reason for creation of the bailment was to carry out the purpose of the contract—to modify and repair the cars. The storage or safekeeping of the cars was only incidental to the bailment and not the primary reason for which the cars were delivered to the insured. We are convinced when we view (y)(1) in the manner in which we are required to view it under our applicable scope of review, and in light of its ambiguity, that something more than incidental storage or safekeeping while awaiting modification and repair is required.

If paragraph (y)(2) had been applicable, we would have no hesitancy in holding that the cases involving care, custody or control are analogous. No one disputes that the insured had physical control over the cars, and it is our opinion the trial court correctly determined that the insured's possession amounted to care, custody or control. However, that is not the issue as we see it. We perceive that we are called upon to review a conclusion of law based on undisputed facts—in essence, a legal issue. A brief review of law applicable to interpreting an ambiguous policy is helpful.

In determining the intention of the parties to a contract of insurance, the test is not what the insurer intends the printed words of the policy to mean, but rather what a reasonable person placed in the position of the insured would have understood the words to mean. See *Gowing v. Great Plains Mutual Ins. Co.*, 207 Kan. 78, 483 P.2d 1072 (1971); *Blue v. Aetna Life Ins. Co.*, 208 Kan. 937, 494 P.2d 1145 (1972). In the event of ambiguity in the

policy provisions, a policy of insurance is to be construed against the insurer and in favor of the insured. See *Western Casualty & Surety Co. v. Budig,* 213 Kan. 517, 519, 516 P.2d 939 (1973); *Blue v. Aetna Life Ins. Co.,* 208 Kan. 937.

In *Gowing v. Great Plains Mutual Ins. Co.,* 207 Kan. at 80-81, the Supreme Court stated:

"This salutary principle pertains to the exclusionary provisions as well as to the other terms of the insurance contract. In *Buchanan v. Employers Mutual Liability Ins. Co.,* 201 Kan. 666, 443 P.2d 681, this court held that inasmuch as the insurer prepares the policy, the burden is upon him to establish facts which bring the case within the exceptions set forth in the policy. [Citation omitted.]

"In similar vein the federal court in *Prickett v. Hawkeye-Security Insurance Company,* 282 F.2d 294, stated that if an insurer intends to restrict its coverage it must use language clearly stating its purpose and that this rule of construction applies with particular force to provisions which attempt to exclude liability coverage under certain conditions.

"This court, also, has said that where an insurance company desires to limit its liability under a policy, it should employ such language as will clearly and distinctly reveal its stated purpose."

See also *Upland Mutual Insurance, Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974); *Krug v. Millers' Mutual Insurance Ass'n.,* 209 Kan. 111, 495 P.2d 949 (1972); *Arnold v. Western Casualty & Surety Co.,* 209 Kan. 80, 495 P.2d 1007 (1972); *Buchanan v. Employers Mutual Liability Ins. Co.,* 201 Kan. 666, 443 P.2d 681 (1968).

Liability that is not clearly excluded from coverage under a general, comprehensive liability insurance contract is presumed to have been included. See *Arnold v. Western Casualty & Surety Co.,* 209 Kan. 80.

If we were to adopt the insurer's version of "storage or safekeeping," most of the broad form property damage endorsement language would be surplus. If a bailment is all that was intended in order to exclude coverage, why did the insurer see fit to specifically list "property held by the insured for sale" as excluded? If "storage or safekeeping" means what the insured contends, then it was unnecessary to separately list property held for sale. Likewise, if the insurer's interpretation is correct, it takes considerable imagination to find a reason for most of paragraph (y)(2) and its subparagraphs, for it appears that if a bailment amounts to storage or safekeeping then there is little if any need for that section. Obviously an insurance company should not be punished for repetitious language or language that merely ap-

pears to be repetitious. Repetitious language, although not the controlling factor, may be considered in construing an insurance policy.

Storage is not synonymous with possession or custody. *Breslerman v. Newark Ins. Co.,* 52 Misc. 2d 118, 121, 275 N.Y.S.2d 343 (1966); *Hoyle v. State,* 216 Miss. 330, 334, 62 So. 2d 380 (1953). Thus, a bailment, standing alone, does not amount to storage. An identical broad form property damage endorsement was construed in *Prahm v. Rupp Const. Co.,* 277 N.W.2d 389 (Minn. 1979), where the Minnesota Supreme Court held that even if the insured was an independent contractor by virtue of having been hired by the defendant in that action to transport a backhoe, as opposed to the insurer's contention that the third party had rented the truck and driver and had control of them, that coverage would not be excluded by virtue of the "storage or safekeeping" provision ([y][1]), because the purpose of the bailment was not for "storage or safekeeping." In *Prahm,* as in the case before us, the primary purpose was the transportation of the backhoe, and the duty of safekeeping or storage was incidental thereto. In *Prahm,* paragraph A(y)(2) was analogized to the standard care, custody or control exclusion, and the case was remanded to the trial court with instructions to determine care, custody or control by using what appears to be the same test used in Kansas. In the case before us, paragraph A(y)(2) is not applicable.

We hold that the exclusion provided for in A(y)(1) is not applicable under the facts of this case.

Reversed and remanded.