## MARYLAND CASUALTY COMPANY, Plaintiff,

### v.

## MIKE MILLER COMPANIES, INC., Defendant.

### Civ. A. No. 88–2521–S.

United States District Court, D. Kansas.

June 14, 1989.

James Borthwick and Lori A. Leu, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., and James M. Warden, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan., for plaintiff.

Joel R. Mosher, Shughart, Thomson & Kilroy, Kansas City, Mo., and Greg L. Musil, Shughart, Thomson & Kilroy, Overland Park, Kan., for defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the parties' cross-motions for summary judgment. Defendant has also filed a motion to bifurcate the trial in this action. In this declaratory judgment action, plaintiff is seeking a determination that it has no duty to defend Mike Miller Companies, Inc. ("Miller") in a lawsuit now pending in the United States District Court for the Western District of Missouri.

The uncontroverted facts for purposes of this motion are as follows. In 1984, Miller was a subcontractor for DiCarlo General Contractors, Inc. ("DiCarlo") on a construction project. Miller was to perform excava-

tion work, but soon after Miller began the work, a dispute developed between the parties regarding the suitability of the soil for excavation. DiCarlo ended up performing the excavation work itself; it then filed a lawsuit against Miller in the United States District Court for the Western District of Missouri. In that lawsuit, DiCarlo alleges causes of action for breach of the subcontract, detrimental reliance, and negligence in reviewing, testing, evaluating, inspecting or analyzing the soil conditions and in preparing the subcontract bid.

During the relevant time period, plaintiff Maryland Casualty Company ("Maryland"), had issued a Comprehensive General Liability ("CGL") insurance policy to Miller. The policy provided $500,000 coverage for bodily injury liability and $500,000 coverage for property damage liability. In the insurance contract, Maryland agreed to pay "all sums which the insured shall become legally obligated to pay as damages because of ... bodily injury or ... property damage to which this insurance applies, caused by an occurrence." An "occurrence" was defined as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." "Property damage" was defined as:

> (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of the use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

The policy further provided that Maryland would not provide coverage for "loss of use of tangible property which has not been physically injured or destroyed resulting from: (1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement."

In its complaint in the Missouri case, DiCarlo alleges that it suffered damages for the loss of use of equipment it was required to employ to finish the excavation.

It also seeks compensation for normal wear and tear, physical repairs, decrease in value and repair costs of the equipment used to perform the excavation, along with lost profits, labor costs, material and equipment costs and other incidental expenses and interest incurred in performing the excavation work.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

Defendant contends that plaintiff is obligated to defend it, because its alleged negligence in analyzing the soil and the subsequent dispute that arose between the parties is an "occurrence" as defined by the

insurance contract. Miller further argues that DiCarlo is claiming "property damage" in the Missouri action, because the wear and tear and repair costs sought by DiCarlo are "physical injuries" to DiCarlo's equipment and because the damages for loss of use sought by DiCarlo were allegedly the result of an "occurrence."

The plain language of the insurance contract allows that coverage will be provided only in the event of an "occurrence." The contract defines an "occurrence" as an "accident." Thus, in order for this court to find that Maryland is required to defend Miller in the Missouri suit, the court must find that DiCarlo alleges its damages were caused by an "accident."

An insurance company is not liable under a GCL insurance contract if the terms of that contract clearly exclude it from coverage. *Topeka Ry. Equip., Inc. v. Foremost Ins. Co.*, 5 Kan.App.2d 183, 187, 614 P.2d 461, 464 (1980). The court finds that under no common sense or legal definition of the term "accident" could this court find that DiCarlo's alleged losses were caused by an accident. DiCarlo alleges in its complaint that its losses were caused by Miller's refusal to complete the work promised. Such a refusal certainly would not be an "accident." Even if, as Miller contends, DiCarlo discharged Miller, this discharge would likewise not be an "accident." Of course, the term "accident" is not defined in the policy. However, the term has generally been interpreted by Kansas courts to mean an unintentional act. *See, e.g., Spruill Motors, Inc. v. Universal Underwriters Ins. Co.*, 212 Kan. 681, 686–87, 512 P.2d 403, 408 (1973). Whether it was DiCarlo or Miller who made the initial decision to terminate the contract, the decision was a conscious, intentional one.

Further, the fact that DiCarlo alleges Miller was negligent in analyzing the soil to be excavated does not change this court's decision. The court doubts that this alleged negligence could be considered an "accident" as that term is used in the policy. Even if it were to be considered an "accident," DiCarlo's alleged damages were not complete until Miller supposedly refused to complete the work, as refusal was the act which triggered Miller's alleged liability. That alleged act was, without question, intentional.

The court finds that Maryland clearly excluded from the scope of its coverage the present dispute between DiCarlo and Miller. Thus, summary judgment will be granted in its favor. This will make it unnecessary for the court to consider defendant's motion to bifurcate.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for summary judgment is granted. Plaintiff Maryland Casualty Company is not required to defend defendant Mike Miller Companies, Inc. in the lawsuit filed against defendant by DiCarlo General Contractors, Inc., presently pending in the United States District Court for the Western District of Missouri. IT IS FURTHER ORDERED that defendant's motion for partial summary judgment is denied. IT IS FURTHER ORDERED that defendant's motion to bifurcate is denied.