WIGGINTON, Judge.
Appellant appeals the trial court’s entry of summary judgment in favor of appellee on appellant's third-party complaint. We affirm.
The original action arose when Pearl Equipment Company sued appellant for damages to a lathe owned by Pearl. The lathe had been leased from Pearl by Pre-Tech Engineering, Inc., which, after obtaining permission from Pearl, entered into a contract with appellant providing for appellant to move the lathe to a storage warehouse. Appellant leased a crane to move the lathe. On November 13, 1985, while appellant was lifting the lathe from a flatbed truck with the crane at a location which was not owned by appellant, the lathe was dropped and substantially damaged.
Appellant filed its third-party complaint against its own insurance company, appel-lee, as well as others. In answer to the third-party complaint, appellee asserted that the following exclusion in the policy of insurance issued to appellant precludes appellant’s recovery from appellee on the third-party claim:
(d) To that particular part of any property, not on premises owned by or rented to the insured,
(i) Upon which operations are being performed by or on behalf of the insured at the time of the property damage arising out of such operations, or
(ii) Out of which any property damage arises....
The parties entered into a stipulation agreeing that the above exclusion was contained in the policy issued by appellee to appellant and both parties moved for summary judgment. The judge found that, as a matter of law, the moving of the lathe constituted an operation upon the lathe and therefore the above exclusion applies to bar appellant’s recovery from appellee on the insurance policy.
The record shows that the undisputed sole purpose of appellant’s involvement with the lathe was to move it. Therefore, unlike the situation in Topeka Railway Equipment, Inc. v. Foremost Insurance Company, 5 Kan.App.2d 183, 614 P.2d 461 (1980), the various stages of moving the lathe are necessarily included in the plain *222 meaning of the term “operation” as used in the above policy exclusion. Consequently, we find that the trial judge was correct in applying the policy exclusion to appellant’s third-party claim against appellee.
AFFIRMED.
MINER and ALLEN, JJ., concur.