NICHOLAS RAY JACOBS, a Minor, by His Mother and Next Friend, Pamela Jacobs, *et al.*, Plaintiffs-Appellants, v. CENTRAL SECURITY MUTUAL INSURANCE COMPANY a/k/a Ansvar C.T. Insurance Company, *et al.*, Defendants-Appellees.

First District (5th Division)  No. 1—88—3539

Opinion filed March 2, 1990.

Lindner, Speers & Reuland, P.C., of Chicago (Nancy M. Rundin, of counsel), for appellants.

Judge & Knight, of Park Ridge (Jay S. Judge and Colleen H. Considine, of counsel), for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs, Nicholas Ray Jacobs (Jacobs), a minor, by his mother and next friend Pamela Jacobs, appeal from an order of the circuit court of Cook County granting summary judgment to defendants,

Central Security Mutual Insurance Co., a/k/a Ansvar C.T. Insurance Co., and Bonnie Ostberg (Ansvar), after finding that Jacobs was not covered for injuries under his grandfather's insurance policy, which was issued by Ansvar. (Plaintiff Walter M. Ketchum is not a party in this appeal.) For the reasons set forth below, we reverse and remand.

On June 30, 1982, Jacobs, then two years old, was playing in a parking lot when he was struck by a vehicle operated by David Hermanson, an uninsured motorist. As a result, he suffered a fractured femur. Jacobs sought recovery of damages under an insurance policy issued to his grandfather by Ansvar. Ansvar did not respond to Jacobs' claim and, accordingly, on May 24, 1984, a four-count complaint was filed by Jacobs against Ansvar seeking compensatory and punitive damages. Count I alleged that Ansvar vexatiously refused to arbitrate or negotiate Jacobs' claim, and count II alleged the same allegation against an Ansvar employee, Bonnie Ostberg. In counts III and IV, Jacobs' counsel, Walter M. Ketchum, alleged interference by employees of Ansvar with his contractual relationship with Jacobs. Subsequently, counts III and IV were dismissed, as well as Jacobs' request for punitive damages in counts I and II.

In April 1985, Ansvar filed its answer to Jacobs' complaint, contending that Jacobs was not entitled to coverage under his grandfather's policy because he did not reside with him. On August 14, 1985, Jacobs filed a motion for summary judgment, which addressed Ansvar's residency allegation. Attached to the motion were affidavits of nine individuals who attested to the fact that Jacobs resided with his grandfather. A hearing on this motion was never held.

In November 1985, Ansvar filed a cross-motion for summary judgment, alleging a new defense to coverage based upon a policy provision requiring that Jacobs must have been occupying his grandfather's insured vehicle when injured in order to be covered under the policy for actions caused by an uninsured motorist. On July 15, 1988, Ansvar amended its summary judgment motion, asserting the "occupancy of an insured vehicle" defense only: Ansvar included an explanation that although it did not abandon the "resident of the household" defense, it was not necessary to address that issue. Attached to the motion was a certification to the policy stating that it was the policy in effect for Jacobs' grandfather at the time of Jacobs' injury.

On November 10, 1988, the trial court granted Ansvar's motion for summary judgment, finding that Jacobs was a member of the insured's household, that the certified policy did not violate Illinois public policy, and that the certified policy was the policy in effect on the date of Jacobs' injury and, apparently, that Jacobs was not covered

under the policy. This appeal followed. A notice of appeal filed by Ansvar, with respect to the trial court's finding that Jacobs was a member of the insured's household, was dismissed by this court as untimely.

The issues presented to this court by Jacobs are as follows: (1) whether the policy at issue provides uninsured motorist coverage for a member of the named insured's household who did not occupy an insured vehicle at the time of the injury; (2) whether the interpretation of an insurance policy that it extends uninsured motorist coverage to a member of the named insured's household only when that person occupies an insured vehicle is against public policy; (3) whether a question of fact existed that the policy at issue, certified by defendants to be the policy in effect, was in fact the policy; and (4) whether the provisions of the policy at issue were conflicting, or at the least ambiguous, so as to construe the medical expense coverage in favor of the plaintiffs.

■■ ■ It is well settled that a court must effectuate the intent of the parties as expressed by the insurance policy. Any ambiguity is to be construed against the insurer. A provision is ambiguous if more than one reasonable interpretation may be given. (*State Farm Fire & Casualty Co. v. Moore* (1981), 103 Ill. App. 3d 250.) If no ambiguity exists, the policy terms are to be given their plain and obvious import. In deciding whether an ambiguity exists, the court should consider the subject matter of the contract, the facts surrounding its execution, the situation of the parties, and the predominate purpose of the contract, which is to indemnify the insured. *Adman Products Co. v. Federal Insurance Co.* (1989), 187 Ill. App. 3d 322.

In the case before us, we find no ambiguity in the provisions of the subject insurance policy. On the other hand, contrary to the trial court's apparent conclusion, we find that the policy provides coverage for Jacobs' injury. The pertinent provisions of that policy are as follows. On page 2 of the policy, under the heading of "DEFINITIONS":

> "YOU, YOUR, YOURSELF *means* the *person named on the Declaration Page* and that *person's husband or wife if a resident of the same household, while Occupying a Car* we insure. YOU, YOUR, YOURSELF *also means a member of the family who is a resident of the household* and who doesn't own a Motor Vehicle or whose spouse doesn't own a Motor Vehicle *while Occupying a Car* we insure." (Emphasis added.)

On page 6 of the policy, under the heading of "MEDICAL EXPENSE INSURANCE":

> "We promise to pay medical expenses not covered by any

other insurance for *Your* bodily injury, sickness, disease or death, suffered in a Car Accident *while Occupying a Car* we insure." (Emphasis added.)

On page 8 of the policy, under the heading of "UNINSURED MOTORIST INSURANCE":

"We promise to pay the Damages *You're* legally entitled to receive from the owner or operator of an uninsured Motor Vehicle because of bodily injury *You* suffer in a car accident *while Occupying a Car* we insure *or as a pedestrian,* as a result of having been struck by an uninsured Motor Vehicle." (Emphasis added.)

■■ According to the definition of "YOU, YOUR, YOURSELF," coverage under the policy is provided for the named insured, a resident spouse of the insured or a member or spouse of the member of the insured's family residing in the insured's household when they are injured "while Occupying a Car" insured by Ansvar. Applying these definitions to the above-quoted "Uninsured Motorist Insurance" provision, Ansvar provides to pay damages not only to the "You" persons injured "while Occupying a Car" it insures, but also promises to pay damages to the "You" persons injured "while a pedestrian," which would include Jacobs, whom the court found to be a resident of the named insured's household.

We further observe that it appears from our review of the policy that adding "as a pedestrian" in the "Uninsured Motorist Insurance" section of the policy was intended to expand coverage because of the possibility of hit-and-run accidents. In a hit-and-run accident, the person injured is more than likely to be outside of a car, rather than in it. Had Ansvar wanted to limit the pedestrian provision to the named insured only, we believe that it could or should have done so in the pertinent provision. Instead, this provision creates two situations in which the "You" persons will be covered; the "You" persons injured "while Occupying a Car" and the "You" persons injured while pedestrians.

We briefly note that we find Ansvar's argument without merit that the definitional provision limits coverage to members of the insured's family to those who are injured "while Occupying a Car" insured under the policy. If we were to so interpret this provision, then the named insured would also be limited to coverage only if he was "Occupying a Car" when injured. This result would be contrary to the separate provision under the "Uninsured Motorist Insurance" section of the policy which in fact does not limit coverage to the "You" persons injured "while Occupying a Car," but instead specifically pro-

vides coverage for the "You" persons injured while pedestrians. Even if we would give weight to Ansvar's contention, it would merely serve to create inconsistency and consequent ambiguity between the limitation of the definitional paragraph and the broader coverage extended on page 8 to the "You" person injured while "a pedestrian." As previously noted, such ambiguity would, in any event, compel that it be resolved against Ansvar.

Finally, we also do not find that the "Medical Expenses Insurance" section of the policy is support for Ansvar's contention that coverage is provided for only those persons injured "while Occupying a Car." That provision, like the definitional provision, sets forth only one situation in which coverage is provided, while the "Uninsured Motorist Insurance" section simply expands coverage by adding damages coverage for injuries suffered while a pedestrian.

In light of the foregoing, we do not address any of the other issues raised by the parties.

The trial court's order granting summary judgment to Ansvar is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

LORENZ and GORDON, JJ., concur.