## F. D. CHAPMAN CONSTRUCTION CO. AND ANOTHER v. GLENS FALLS INSURANCE COMPANY.

211 N. W. 2d 871.

October 19, 1973—No. 43958.

*Thomson, Lovett, Wahlfors & Moran* and *James L. Wahlfors,* for appellants.

*Robb, Van Eps & Gilmore* and *John H. Lewis,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Gillespie, JJ.

PER CURIAM.

Plaintiffs, construction companies insured by defendant insurance company, appeal from a judgment adverse to their claims for expenses incurred in the successful defense of prior actions against them, brought by businessmen of Forest Lake, which defendant refused to defend. Summary judgment in this

action was granted on the grounds that the claim of the business-men in the prior actions was not one covered under the terms of the comprehensive general liability policies issued by defendant to plaintiffs. No determination has yet been made as to the reasonableness of the expenses incurred by plaintiffs in the defense of the prior actions.

The prior actions arose out of plaintiffs' construction of a sewer line for the village of Forest Lake. The construction, which encountered considerable delay due to unusual rainfall, resulted in the obstruction of access to the business establishments of the plaintiffs in the prior actions. The complaint in one action, representative of those in three others, alleged:

"In causing, permitting, allowing and suffering said obstruction and impassable conditions, the defendants, and each of them, were careless, willfully negligent, maintained a public and private nuisance and unlawfully and without just compensation deprived the plaintiff of his property and the use, profits and enjoyment thereof."

Defendant insurance company, by the terms of the policy, undertook:

"* * * [T]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay and [sic] damages because of injury to or destruction of real or tangible personal property during the policy period, including the loss of use thereof resulting from an occurrence.

"* * * With respect to such insurance as is afforded by this policy, the company shall:

(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *."

The word "occurrence," used in the above quoted policy language, is defined therein to mean:

"* * * [A]n unexpected event or happening or a continuous or repeated exposure to conditions provided the insured did not intend or anticipate that bodily injury or injury to or destruction or [sic] real or tangible personal property would result. All exposures to substantially the same general conditions shall be considered as arising out of one occurrence."

There is no question that by the express terms of the policy defendant was required to defend all actions against the insured—however false or groundless—if the asserted cause of action was within the policy coverage. The sole question is whether, from the pleadings and stipulated facts, it clearly appears that the businessmen's claim fell outside the terms of the policy.

Defendant contends that there could be no coverage because it does not appear that the damages arose out of an "occurrence." No evidence was presented as to any established usage defining that term, but defendant urges that "occurrence" is synonymous with the word "accident." "Accident" is not the word used in the policy, and we are persuaded that the circumstances surrounding the allegation in the complaints of the businessmen that the policyholders had negligently obstructed access did not allege a nonaccidental and intentional act. "An unexpected event or happening or a continuous or repeated exposure to conditions," the policy's definition of "occurrence," was, in effect, what was alleged.

Defendant contends, in any event, that the complaints alleged only a temporary interference with the use or enjoyment of property, a noncovered interference with intangible personal property rather than a covered injury to real property. Although the issue is not free from doubt, we think that the businessmen's complaints inferentially alleged a species of injury to real property. We are concerned here with the duty to defend a claim arguably covered by the policy. Although defendant insurer may have had no duty to pay judgments arising from noncovered injuries which the businessmen might obtain upon trial, it should

have undertaken defense of the actions, reserving its right to refuse to satisfy any noncovered judgments. This would have more fairly served the interests of both the insured and the insurer than the refusal to defend.

Reversed and remanded.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.