Larry PRAHM and Roger Prahm, d.b.a. Prahm Brothers Bridge Company, Respondents,

v.

RUPP CONSTRUCTION COMPANY, defendant and third party plaintiff, Respondent,

v.

GREAT AMERICAN INSURANCE COMPANY, third party defendant, Appellant.

Nos. 48863, 49108.

Supreme Court of Minnesota.

March 23, 1979.

Bundgaard & Jacobson, Minneapolis, for appellant.

Gislason, Dosland, Malecki, Gislason & Halvorson, New Ulm, for Prahm.

Paul M. Malone, Slayton, for Rupp Const. Co.

Heard before SHERAN, C. J., ROGOSHESKE and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Plaintiffs Larry and Roger Prahm, d.b.a. Prahm Brothers Bridge Company, sued Rupp Construction Company (Rupp) for property damage to their backhoe while it was being transported by a tractor and trailer owned and operated by Rupp. Rupp tendered defense of the suit to its insurer, Great American Insurance Company (Great American), and impleaded the insurer after Great American denied coverage and refused to defend. Great American appeals from the judgment of the Murray County District Court granting Rupp's motion for summary judgment on the issues of coverage and the duty to defend. We affirm.

In June 1975, plaintiffs, who are engaged in bridge and culvert construction, contacted Rupp who agreed to furnish a tractor, trailer and driver to move a 60,000-pound backhoe from Tracy, Minnesota to Round Lake, Minnesota. The parties did not have a written contract, but Rupp had transported equipment for plaintiffs in the past. Rupp's driver, Wolfswinkle, arrived at Tracy about 5:00 p. m. on June 5, 1975. Larry Prahm loaded the backhoe onto the trailer, and he and Wolfswinkle secured it with chains. Prahm advised Wolfswinkle of their destination and the route to follow. He then followed Wolfswinkle. Two miles outside Currie, Minnesota Prahm passed Wolfswinkle and proceeded into town to get a pickup truck. He planned to lead Wolfswinkle the rest of the way to Round Lake, Minnesota. The accident occurred one mile north of Currie after Prahm passed Wolfswinkle.

At the time of the accident Rupp had a policy of insurance with Great American which insured him for general bodily injury and property damage. The Broad Form Property Damage Endorsement of the policy excluded:

"A. (y) . . . property damage . . . (1) to property . . . entrusted to the insured for storage or safekeeping . . . [or] (2)(d) [to] that particular part of any property, not on the premises owned or rented to the insured, (i) upon which operations are being performed by or on behalf of the insured . . . ."

When Rupp requested Great American to defend and indemnify under the policy, Great American claimed the damage was excluded by these provisions.

The trial court granted Rupp's motion and denied Great American's motion for summary judgment because the action brought against Rupp could involve facts which could bring its liability within the coverage provided by Great American.[1]

The sole issue on appeal is whether Great American is obligated to defend the suit against Rupp. The obligation to defend is contractual in nature and is determined by the allegations of the complaint and the indemnity coverage of the policy. If any part of a cause of action is arguably within the scope of coverage, the insurer must defend. Any ambiguity is resolved in favor of the insured, and the burden is on the insurer to prove that the claim clearly falls outside the coverage afforded by the policy. If the claim is not clearly outside coverage, the insurer has a duty to defend. *Bituminous Casualty Corp. v. Bartlett*, 307 Minn. 72, 240 N.W.2d 310 (1976).

In the present case Great American is obligated to defend the suit against Rupp unless the damage to the backhoe clearly falls within an exclusion to the policy. Great American contends that the policy excludes coverage under the Broad Form Property Damage Endorsement, part (1), because the backhoe was entrusted to Rupp for storage or safekeeping. The facts available to us on the present record can be interpreted in two ways—either plaintiffs hired Rupp to transport the backhoe, or Rupp leased the equipment (including the driver) necessary to transport it. It is not

---

1. A party is entitled to summary judgment only if there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. Rule 56.03, Rules of Civil Procedure.

clear whether plaintiffs had entrusted the backhoe to Rupp. Even if they did, it was for the purpose of transporting the backhoe, not for storage or safekeeping. Thus, the present case is not clearly within this exclusion.

Great American also contends that the damage is excluded under part A. (y)(2) of the Property Damage Endorsement because the backhoe was property upon which operations were being performed by the insured. This clause is very similar to a clause excluding coverage of property in the care, custody or control of the insured such as we construed in *Ohio Cas. Ins. Co. v. Terrace Enterprises, Inc.*, 260 N.W.2d 450, 453 (Minn.1977). In that case we refused to adopt a rigid test but focused on three factors—(1) whether the property was realty or personalty; (2) the location, size, shape and other characteristics of the property; and (3) the insured's duties with respect to the property—to determine if the property was in the care, custody or control of the insured. The issue then is who has dominion or control over the property and is a question of fact which depends on the circumstances of each case. *Ohio Cas. Ins. Co. v. Terrace Enterprises, Inc., supra; Knott v. Soltau*, 283 Minn. 25, 166 N.W.2d 91 (1969).

It is not clear from the record who had dominion or control over the backhoe at the time of the accident. Plaintiffs loaded and secured the backhoe on Rupp's truck, determined the route, accompanied the driver and paid an hourly fee on a portal-to-portal basis. On the other hand, Rupp supplied the driver, paid his wages and paid for the gasoline. Rupp claimed it always supplied a driver or operator when another party used its equipment. From the record it is not possible to determine the nature and extent of Rupp's business and, thus, to determine who had the care, custody or control of the backhoe. These facts should be developed at trial.

We recognize that requiring Great American to defend the suit against Rupp creates a conflict of interest for Great American because it would be required to take opposing positions at trial to defend Rupp against plaintiffs' claim and, at the same time, to defend itself on the coverage question.[2] This conflict of interest does not relieve Great American of its duty to defend, but rather transforms that duty into the duty to reimburse Rupp for reasonable attorneys' fees incurred in defending the lawsuit. See, e. g., *Maryland Casualty Co. v. Peppers*, 64 Ill.2d 187, 355 N.E.2d 24 (1976); *Burd v. Sussex Mutual Ins. Co.*, 56 N.J. 383, 267 A.2d 7 (1970); *Satterwhite v. Stolz*, 79 N.Mex. 320, 442 P.2d 810 (1968); *Utica Mutual Ins. Co. v. Cherry*, 45 A.D.2d 350, 358 N.Y.S.2d 519 (1974), affirmed 38 N.Y.2d 735, 381 N.Y.S.2d 40, 343 N.E.2d 758 (1975). Rupp should retain its own counsel to defend against plaintiffs' claim. Great American is required to reimburse Rupp for this expense and should have its own counsel present at trial to establish the facts necessary to determine the coverage question. To the extent that *F. D. Chapman Const. Co. v. Glens Falls Ins. Co.*, 297 Minn. 406, 211 N.W.2d 871 (1973), and *Bituminous Casualty Corp. v. Bartlett, supra*, hold that the insurer should defend its insured while reserving the right to contest coverage, they are hereby overruled.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

---

**2.** Such a conflict need not occur if the insured brings a declaratory judgment action prior to trial.