**THERMEX CORPORATION, Appellant,**

v.

**FIREMAN'S FUND INSURANCE COMPANIES, Respondent.**

No. C3-86-586.

Court of Appeals of Minnesota.

Sept. 9, 1986.

Stuart E. Gale, Bloomington, for appellant.

Lance B. Nyberg, Golden Valley, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

Thermex Corporation (Thermex) appeals the grant of summary judgment in favor of respondent Fireman's Fund Insurance Companies (Fireman's Fund) in this declaratory judgment action. The trial court determined that respondent had no duty to defend Thermex in an underlying action (the Lewis Court action). We affirm.

## FACTS

Lewis Court hired David Sobkowiak as general contractor to renovate a building it owned in Minneapolis. Sobkowiak hired Thermex to install the heating and ventilating system. Multiple problems arose, leading Lewis Court to sue Sobkowiak and Thermex. The complaint alleged "the work and materials provided by Thermex were negligent, defective and not in accord with plans." Lewis Court sought damages for reconstruction of the heating and cooling system and for renting substitute premises during the reconstruction.

Thermex tendered the defense of the Lewis Court action to respondent, its general liability insurer. Respondent accepted the defense and retained counsel to work on the matter. Some time later respondent determined that the allegations in the complaint were not covered by the policy, and it had no obligation to defend Thermex. Thermex later re-tendered the defense, but

respondent adhered to its determination that it had no duty to defend the Lewis Court action.

Thermex then filed this declaratory judgment action seeking a determination that a duty to defend existed. On cross motions for summary judgment, the trial court granted respondent's motion, concluding that there was no duty to defend.

The comprehensive general liability policy provides that respondent will pay amounts Thermex becomes legally obligated to pay as damages for "property damage" caused by an "occurrence." Property damage is defined as:

(1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

"Occurrence" is defined as:

an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured.

## ISSUE

Did the trial court err in concluding that respondent was not obligated to defend appellant in the Lewis Court action?

## ANALYSIS

An insurer's obligation to defend is contractual in nature and is determined by examining the complaint and the policy coverage. *Prahm v. Rupp Construction Co.*, 277 N.W.2d 389, 390 (Minn.1979). The suit must be based on a claim covered by the policy in order for the duty to arise. *Bobich v. Oja*, 258 Minn. 287, 293, 104 N.W.2d 19, 24 (1960). The obligation to defend arises if the claim is not clearly outside coverage. *Prahm*, 277 N.W.2d at 390 (citation omitted).

The claims alleged in the Lewis Court action do not come within the scope of the

policy coverage. The first item of damages, replacement costs related to defective work and materials, does not fit within the policy definition of property damage. "Property damage" includes physical injury to tangible property and loss of use of property which has not been physically injured if the loss of use is caused by an occurrence. The Lewis Court complaint does not allege that Thermex's faulty workmanship caused any physical damage to the building. Thus, this case is distinguishable from cases in which an insurer was held obligated to defend its insured for faulty workmanship which caused physical damage. *See Federated Mutual Insurance Co. v. Concrete Units, Inc.*, 363 N.W.2d 751 (Minn.1985) (damage to reinforcing rods and slip forms caused by insured's defective concrete); *Ohio Casualty Insurance Co. v. Terrace Enterprises, Inc.*, 260 N.W.2d 450 (Minn.1977) (settling of building due to negligent laying of footings and foundation).

█ Likewise, the second item of damages claimed, rental costs of substitute premises, does not fall within the policy coverage. Although the definition of property damage includes loss of use of tangible property which has not been physically injured, the loss of use must be caused by an occurrence. An "occurrence" is "an accident * * * which results in bodily injury or property damage." Because there was neither bodily injury nor property damage, there was no occurrence, and, therefore, no covered event.

Appellant relies on *Bor-Son Building Corp. v. Employers Commercial Union Insurance Co. of America*, 323 N.W.2d 58 (Minn.1982), to support its claim that rental costs are covered and a duty to defend therefore arises. In *Bor-Son*, the insured contracted to construct two apartment buildings for the HRA. Water leakage resulting in damage to the buildings and their contents developed. HRA sued Bor-Son, and Bor-Son filed an action against its insurer for costs of defending the HRA suit. The supreme court ruled that Bor-Son's insurer had no duty to defend or

indemnify Bor-Son in the HRA action. The court concluded that the claims were premised on breach of contract and were not covered by the comprehensive general liability policy. *Id.* at 62.

The *Bor-Son* court noted that claims for loss of rent and relocation costs would have been covered, but there was no duty to defend because those claims were not asserted in the pleadings. *Id.* at 64. Contrary to Thermex's argument, this statement is not helpful to Thermex. In *Bor-Son*, the loss of use was caused by property damage, and therefore by an occurrence. Thus, in contrast to this case, the loss of use in *Bor-Son* clearly fell within the policy definition of property damage.

In discussing whether the claims in *Bor-Son* were within the coverage of the general liability policy, the court stated:

It is clear that all the damages claimed by HRA arose out of Bor-Son's breach of contract. HRA had not received the product—the buildings—for which it had bargained. Its damages resulted from faulty workmanship in the performance of the contracts. This liability on the part of the contractor is not within the coverage of the contractor's general liability policy. *See* Henderson, *Insurance Protection for Products Liability and Completed Operations—What Every Lawyer Should Know*, 50 Neb.L.Rev. 415, 441 (1971):

The risk intended to be insured is the possibility that the goods, products or work of the insured, once relinquished or completed, will cause bodily injury or damage to property other than to the product or completed work itself, and for which the insured may be found liable. The insured, as a source of goods or services, may be liable as a matter of contract law to make good on products or work which is defective or otherwise unsuitable because it is lacking in some capacity. This may even extend to an obligation to completely replace or rebuild the deficient product or work. This liability, however, is not what the coverages in

question are designed to protect against. The coverage is for tort liability for physical damage to others and not for contractual liability of the insured for economic loss because the product or completed work is not that for which the damaged person bargained.

*Bor-Son,* 323 N.W.2d at 63.

We do not address appellant's reservation of rights argument because it was not presented to the trial court. *See Atlantic Mutual Insurance Co. v. Judd Co.,* 380 N.W.2d 122, 124 (Minn.1986) (issues not raised to the trial court cannot be raised for the first time on appeal).

## DECISION

The trial court did not err in concluding that respondent had no duty to defend Thermex in the Lewis Court action.

Affirmed.