**Ronald HINK, Appellant,**

v.

**IMPERIAL CASUALTY AND INDEMNITY COMPANY, Respondent.**

**No. C0-86-1985.**

Court of Appeals of Minnesota.

March 24, 1987.

Robert A. Wurst, Wurst, McDowell & Ihle, Ltd., Thief River Falls, for appellant.

Jeffrey M. Bauer, Foster, Waldeck & Lind, Ltd., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and SEDGWICK and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This appeal is from a judgment determining respondent insurer owes no duty to defend appellant in an action for damages arising from the application of chemicals. Appellant claims the trial court erred in concluding a policy exclusion prevents coverage because the exclusion either (1) does not relieve the insurer's obligation to defend a negligence claim or (2) renders the policy a nullity. We affirm.

## FACTS

In May 1983, St. Hilaire Co-Op Elevator (St. Hilaire) hired appellant Ronald Hink, an aerial spray pilot, to apply weed-killing chemicals to crops on certain properties. The property owners, who contracted with St. Hilaire for the spraying services, complained appellant's application of the chemicals was ineffective and their crops were substantially reduced. St. Hilaire settled with the property owners and brought suit against appellant to recover the settlement amount. St. Hilaire claimed appellant was negligent (count I) and breached his contract (count II) by applying the chemicals during a rainstorm which washed the chemicals off the crops causing a poor weed kill and small grain yield.

Appellant tendered defense of the action to his insurer, respondent Imperial Casualty and Indemnity Company. Respondent denied its obligation to defend because appellant's policy provided coverage only for bodily injury and property damage, not chemical liability. Appellant secured his own defense of the action, which was subsequently tried, resulting in a judgment favorable to appellant.

In April 1986, appellant brought this action against respondent seeking reimbursement for costs incurred to defend the St. Hilaire action. On May 9, 1986, the trial court denied appellant's initial summary judgment motion due to an inadequate record. For the same reason, on June 27, 1986 the court denied respondent's summary judgment motion. In July, the parties submitted a stipulation and agreed statement of the facts for the trial court's decision.

The parties agreed appellant's insurance policy coverage included bodily injury liability, coverage A (excluding passengers and chemical liability) and property damage liability, coverage B (excluding chemical liability) which provides:

COVERAGE B—*Property Damage Liability Excluding Chemical Liability:* TO PAY on behalf of the insured all sums which the insured shall become legally obligated to pay as *damages* be-

cause of injury to or destruction of property, including the loss of use thereof, *caused by an occurrence arising out of the ownership, maintenance or use of the aircraft as described in this policy.* (Emphasis added). Appellant did *not* purchase insurance for chemical liability under coverage E and F:

COVERAGE E AND F—*Chemical Liability:* TO PAY on behalf of the insured all sums which the insured shall become legally liable to pay as compensation including the costs awarded to any claimant, in respect of: * * * (b) *Accidental damage to or destruction of property* except as hereinafter excluded, sustained during the period of this insurance and caused directly by drifting compounds and/or seeds and/or pesticides dropped, sprayed or emitted intentionally or otherwise *in the course of crop dusting or spraying operations from the air by use of the aircraft* * * *. (Emphasis added).

The parties also stipulated to various correspondence between the parties establishing respondent's basis for its refusal to defend. Respondent primarily relied on policy exclusion (h) which provides:

This policy does not apply and no coverage is afforded hereunder * * * with respect to coverages A, B, C and D to any bodily injury, death or *property damage arising from the application or use of any chemicals.*

On September 11, 1986, the trial court issued its findings of fact, conclusions of law and order for judgment. In addition to facts stipulated by the parties, the court specifically found the St. Hilaire complaint claimed "damages as a result of a breach of contract * * * when Ronald Hink negligently applied chemicals." The court concluded exclusion (h) relieved respondent's obligation to defend and dismissed appellant's complaint. Judgment was entered the same day.

Appellant then moved for amended findings, claiming exclusion (h) rendered the policy a nullity since the aircraft's sole purpose is to apply chemicals. On October

22, 1986, the court denied the motion stating:

> [Appellant's] liability policy simply does not provide coverage for breach of contract actions. No one suffered any damage as a result of any tort committed by the [appellant]. The claim against [appellant] in the original action was that he simply didn't do a good job in spraying the fields and that the claimant suffered a loss as a result of [appellant's] failure to adequately perform his contract.

Support for the court's reasoning is found in exclusion (d) excluding "liability assumed by the insured under any contract or agreement." Although this exclusion was not specifically argued before the court, it appeared in the policy attached to the stipulation.

## ISSUE

Did the trial court err in concluding respondent insurer owed no duty to defend?

## ANALYSIS

1. The obligation to defend is contractual in nature and is determined by the allegations of the complaint and the indemnity coverage of the policy. If any part of a cause of action is arguably within the scope of coverage, the insurer must defend. Any ambiguity is resolved in favor of the insured, and the burden is on the insurer to prove that the claim clearly falls outside the coverage afforded by the policy. If the claim is not clearly outside coverage, the insurer has a duty to defend.

*Prahm v. Rupp Construction Co.,* 277 N.W.2d 389, 390 (Minn.1979). When it can be concluded as a matter of law, however, there is no basis upon which an insurer may be obligated to indemnify the insured, the insurer is relieved of its duty to defend.

*Woida v. North Star Mutual Insurance Co.,* 306 N.W.2d 570, 574 (Minn.1981).

Appellant claims the trial court incorrectly interpreted the St. Hilaire complaint to allege only breach of contract. While count II alleges breach of contract, count I separately alleges negligence.

Appellant interprets the negligence claim to allege damage to crops caused by appellant negligently using the insured aircraft to apply chemicals at a time when the chemical was ineffective. Since coverage B covers property damage "caused by an occurrence arising out of the ownership, maintenance or use of the aircraft," the negligence claim is arguably within the scope of coverage, thereby obligating respondent to defend.

We agree, however, with the trial court. Count I, like count II, alleges appellant's failure to adequately perform his contract for spraying services. Count I, paragraph VII, specifically alleges appellant "owed a duty * * * to perform the aerial spraying in a proper and non-negligent manner." Further, both counts allege damages arising from application of chemicals, specifically excluded under exclusion (h). The trial court properly concluded the claims clearly fall outside the policy's coverage, thereby relieving respondent's obligation to defend. *See Prahm,* 277 N.W.2d at 300.

2. The policy's terms "should not be so strictly construed as to lead to a harsh or absurd result." *North Star Mutual Insurance Co. v. Johnson,* 352 N.W.2d 791, 793 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Jan. 9, 1985). Appellant claims exclusion (h) renders the policy a nullity because the insured aircraft's sole purpose is to apply chemicals. Appellant argues the parties intended to exclude liability for damages from the *chemicals* themselves, *not* the *application* of chemicals.

Appellant's A and B coverages, however, cover damages arising out of the ownership, maintenance or general use of the aircraft. Coverage is not limited to situations involving use of the aircraft to apply chemicals. Exclusion (h) does not apply to coverages E and F for chemical liability which specifically covers "spraying operations." Since appellant elected not to pur-

chase the chemical liability coverage, respondent is not obligated to indemnify under such coverage and therefore owes no duty to defend. *See Woida,* 306 N.W.2d at 574.

### DECISION
The trial court properly concluded respondent insurer was not obligated to defend appellant against claims excluded from appellant's policy coverage.

Affirmed.