Jon S. KROSCHEL, et al., Nicholas Mucciacciaro, Respondents,

v.

The CITY OF AFTON, Respondent,

The League of Minnesota Cities Insurance Trust, Petitioner, Appellant.

No. C3–93–1661.

Supreme Court of Minnesota.

Dec. 9, 1994.

Richard B. Allyn, M. Gregory Simpson, Robins, Kaplan, Miller & Ciresi, Minneapolis, for appellant.

Pierre N. Regnier, Jardine, Logan & O'Brien, St. Paul, for City of Afton.

Suzanne Flinsch, Afton, for Jon Kroschel, et al.

Jon Erik Kingstad, Lakeland, for Nicolas Mucciacciaro.

## OPINION

PAGE, Justice.

The League of Minnesota Cities Insurance Trust (Trust)[1] appeals from a decision of the court of appeals, 512 N.W.2d 351, holding that the Trust is required to reimburse the mayor and two city council members of Afton, Minnesota for legal fees they incurred in defending a lawsuit brought against them under the Minnesota Open Meeting Law. *See Thuma v. Kroschel,* 506 N.W.2d 14 (Minn.App.1993), *pet. for rev. denied* (Dec. 14, 1993).

The complaint in *Thuma* alleged the three officials repeatedly violated the Open Meeting Law, Minn.Stat. § 471.705 (1992); violated the Uniform Municipal Contracting Law, Minn.Stat. § 471.345, subd. 5 (1992), by failing to obtain two bids on a well drilling contract; and the mayor entered into the well drilling contract without council authorization. The plaintiff in *Thuma* did not seek damages.[2] The trial court found one violation of the Open Meeting Law and imposed a $100 "civil penalty" on each official.

Prior to the *Thuma* trial, the three officials commenced this action against Afton and the Trust seeking a declaration from the court that the Trust's covenant with Afton required the Trust to reimburse the officials for their defense costs in *Thuma.* The trial court in granting the Trust's motion for summary judgment held the Trust was not required to reimburse the officials under the covenant because the *Thuma* lawsuit did not involve a covered claim.

The court of appeals reversed, holding the Trust was required to reimburse the officials for their defense costs. The court of appeals reasoned the Trust's duty to defend the officials under the covenant paralleled Afton's authority to defend the officials under Minn. Stat. § 465.76 (1992). Because we conclude that the Trust has no duty to defend the officials, we reverse.

---

1. The Trust is a joint powers entity created under Minn.Stat. § 471.59 (1992) to operate a self-insurance pool for the League of Minnesota Cities. The cities which make up the league enter into covenants with the Trust requiring the Trust to defend them in certain litigation. Afton has entered into such a covenant.

2. The relief sought in *Thuma* was: (1) the imposition of a $100 "civil penalty" for each violation of the Open Meeting Law, pursuant to Minn.Stat. § 471.705, subd. 2; (2) a determination that the officials were ineligible to sit on the Afton City Council; (3) a determination that the officials violated the Uniform Municipal Contracting Law; and (4) a determination that the mayor entered into the well drilling contract without authority from the city council.

■ When reviewing a trial court's grant of summary judgment, we determine "whether there are any genuine issues of material fact and whether the trial court erred in its application of the law." *Wartnick v. Moss & Barnett*, 490 N.W.2d 108, 112 (Minn.1992). The interpretation of language in an insurance contract is a question of law. *Iowa Kemper Ins. Co. v. Stone*, 269 N.W.2d 885, 887 (Minn.1978). The obligation to defend is contractual in nature. *Prahm v. Rupp Const. Co.*, 277 N.W.2d 389, 390 (Minn.1979).

■ We conclude the covenant does not require the Trust to reimburse the officials. The officials claim the Errors and Omissions provision of the covenant entitles them to their defense costs. That provision limits the Trust's "duty to defend [to] any *suit* seeking * * * *damages*." (Emphasis in original.) Under the covenant:

5. *Damages* means money *damages* and includes awards for attorneys fees with respect to Federal Civil Rights "suits" and State Human Rights *suits*. *Damages* does not include any of the following:

\* \* \* \* \* \*

c. Fines or penalties imposed by law. (Emphasis in original.)

The *Thuma* lawsuit sought only declaratory relief and the imposition of a $100 "civil penalty" under the Open Meeting Law. Thus, it is clear the *Thuma* lawsuit was not a "suit" seeking "damages" and was therefore not a covered claim. It is well-settled that there is no duty to defend in the absence of a covered claim. *See, e.g., Garvis v. Employers Mut. Cas. Co.*, 497 N.W.2d 254, 258 (Minn.1993).[3]

Because the trial court correctly interpreted the covenant between the Trust and Afton, we reverse the court of appeals.

Reversed.