BYE, Circuit Judge,
dissenting.
The majority holds Regent had no duty to defend Paine. Given both the policy language and the extrinsic evidence presented, I cannot agree. By providing golf instruction at Legacy’s sole shareholder Shattuck, Paine was arguably performing duties related to the conduct of Legacy’s golf business, and Regent has failed to meet its burden of establishing the cause of action clearly falls outside the scope of coverage.
Under Minnesota law, “an insurer’s duty to defend arises when any part of the claim against the insured is arguably within the scope of protection afforded by the policy.” Franklin v. Western Nat’l Mut. Ins. Co., 574 N.W.2d 405, 406-07 (Minn.1998) (emphasis added). The burden is on the insurer attempting to escape coverage to establish “all parts of a cause of action dearly fall outside the scope of coverage.” Id. at 407 (emphasis added). The insured is required to meet only a “minimum threshold” to establish a duty to defend either through his complaint or through extrinsic evidence. St. Paul Mercury Ins. Co. v. Dahlberg, Inc., 596 N.W.2d 674, 677 (Minn.Ct.App.1999). Finally, “in determining whether there is a duty to defend, a court must give the benefit of the doubt to the insured” and, “[a]s a result, unless the pleadings and facts clearly establish that the claim falls outside the policy terms, the duty to defend arises.” John Deere Ins. Co. v. Shamrock Indus., Inc., 929 F.2d 413, 418 (8th Cir.1991) (citations and quotations omitted) (applying Minnesota law).
Regent’s policy covers Legacy employees “for acts within the scope of their employment ... or while performing duties related to the conduct of [Legacy’s] business.”[5] This provision has two-prongs. Under Minnesota law, the provisions in a policy should be read together to give them all meaning. Lener v. St. Paul Fire & Marine Ins. Co., 263 N.W.2d 389, 393 (Minn.1978) (noting a “construction of an insurance policy which entirely neutralizes one provision should not be adopted if the contract is susceptible of another construction which gives effect to all of its provisions and is consistent with the general intent”) (citation omitted). The two prongs in the instant provision are joined by the term “or” which connotes disjunction. See United States v. Wilson, 41 F.3d 399, 401 (8th Cir.1994) (“Terms connected by ‘or’ ... normally are read to have separate meanings and significance”); United States v. Smeathers, 884 F.2d 363, 364 (8th Cir.1989) (“Normally, the word ‘or’ connotes disjunction.”). Indeed, the Fourth Circuit, in interpreting policy language identical to what is presented here, determined the latter prong must be construed to have meaning independent of the former because the prongs are joined by the word “or.” Fed. Ins. Co. v. Ward, 166 Fed.Appx. 24, 28 (4th Cir.2006) (unpublished opinion) (finding the two prongs were not synonymous and holding “[a]s the two phrases are set off by the word ‘or,’ we are persuaded that they are intended *908 to express distinct concepts”). Thus, under these principles of construction, in order to give the latter “related to” prong meaning, it must be construed as something distinct from the former “scope of employment” prong. It follows the “related to” prong broadens coverage to acts undertaken by employees relating to Legacy’s business, even if those acts are outside the scope of their employment. See State Auto. Mut. Ins. Co. v. Sec. Taxicab, Inc., 144 Fed.Appx. 513, 519-20 (6th Cir.2005) (unpublished opinion) (reading “related to” prong as broader than “scope of employment” prong to include acts outside the insured’s scope of employment). The majority follows the district court in not addressing the distinction between these two prongs. This reading of the policy ignores the use of the term “or” and effectively nullifies the “related to” prong.
The majority also follows the district court in relying on Hentges v. Thomford, 569 N.W.2d 424 (Minn.Ct.App.1997), to support its dual conclusion that Paine’s instruction at Shattuck was neither within the scope of his employment nor related to the conduct of Legacy’s golf business. The Hentges case is certainly relevant to the “scope of employment” prong, as the court there specifically determined the pastor/insured was not “acting within the scope of [his] employment” when he went hunting with a parishioner. In Hentges, however, the court did not ask whether the pastor was performing duties related to the conduct of his church/employer. The court did not conduct this inquiry because there was no “related to” policy language at issue. The Minnesota Supreme Court’s analysis turned on whether “the conduct was, to some degree, in furtherance of the interests of [the] employer.” Hentges, 569 N.W.2d at 427. As is discussed below, whether or not conduct benefits an employer is not the relevant inquiry with regards to the “related to” prong. Thus Hentges does not, as the majority contends, lend support to the conclusion of Paine’s golf instruction at Shattuck not being related to Legacy’s golf business.
I agree with the majority as to Paine and Travelers not having established Paine was acting within the scope of his employment when he taught golf at Shattuck. Paine’s employment contract does not specify where he must teach golf and does not require him to teach at Shattuck. In his deposition, Paine testified his instruction at Shattuck was outside his job requirements at Legacy. Like in Hentges, Paine was working at Shattuck on his day off. Indeed, he was working during the off season. Also, Paine kept the earnings from his instruction at Shattuck. Although Paine claims teaching the students at Legacy’s sole shareholder arguably fits within his enumerated duties of promoting the golf course, creating more business for the golf course, and providing private lessons to members of the general public, this is not enough to distinguish Hentges. Like in Hentges, any residual benefit to Legacy is too insubstantial to support a determination of Paine as acting within the scope of his employment when he taught at Shattuck.
I do not agree Paine and Travelers have failed to establish he was arguably performing duties related to the conduct of Legacy’s business. Neither this court nor any Minnesota court has construed policy language similar to the “related to” prong in this policy. Those courts which have construed similar language draw a distinction between personal and professional conduct — those activities which are purely personal cannot be related to the conduct of a business. In Fed. Ins. Co. v. Ward, the Fourth Circuit determined the act of employees flicking cigarette ashes into a waste basket full of paper was, as a matter of law, not a duty “related to the conduct” of the employer’s business because the act *909 could not be characterized as done in the performance of a work-related duty. Fed. Ins. Co., 166 Fed.Appx. at 30; see also Nova Cas. Ins. Co. v. Anderson, 2005 WL 3336496, at *4 (M.D.Fla. Dec.8, 2005) (finding no coverage where a construction worker provided alcohol to a minor coworker who was later involved in a car accident, as the employer was “not in the business of providing alcohol to his employees”).
The majority’s interpretation of the “related to” prong as simply a reiteration of the “scope of employment” prong renders it superfluous. Under Minnesota law, such a narrow reading must be avoided. Legacy is in the golf business. Shattuck is Legacy’s sole owner and shareholder and Legacy’s sole purpose is to provide a revenue stream for Shattuck. The two entities are physically adjacent to one another. The Legacy course is the “home course” for Shattuck’s student golf teams. Legacy’s board of directors serves “at the pleasure of’ Shattuck. Furthermore, Legacy has a board member whose primary duty is to maintain a working relationship with the school and to create an “interface” between the two entities. The majority under-emphasizes the importance of the relationship between Legacy and Shattuck. They are simply too interconnected to support the majority’s conclusion that Paine’s golf instruction at Shattuck was not related to Legacy’s golf business.
Even without this relationship there is little doubt Paine’s golf instruction at Shat-tuck is arguably related to the conduct of Legacy’s golf business. The extrinsic evidence shows Paine, during the off season at Legacy, was providing golf instruction at Shattuck. Legacy was well aware Paine was providing this instruction. Paine billed for the instruction using Legacy invoices. Paine used Legacy equipment while teaching at Shattuck. During the spring, summer and fall, Paine provided similar instruction to Shattuck students on Legacy property. Paine’s employment agreement contemplates his providing golf instruction and allows him to keep any earnings derived from giving golf lessons. The agreement does not distinguish between lessons offered on or off Legacy property. While this evidence is not enough to establish Paine was acting within the scope of his employment at Legacy, it is enough to show his instruction at Shattuck was arguably related to the conduct of Legacy’s business. Furthermore, this case involves a golf professional who was actually teaching golf, rendering it distinguishable from those cases where employees were engaged in purely personal activities unrelated to either their job duties or to the nature of their employer’s business. Although Paine’s instruction at Shattuck may be viewed as an ancillary job, the business/personal distinction drawn in the above-cited cases favors finding coverage.
Because of the close relationship between Legacy and Shattuck and the nature of Paine’s work at both, Paine’s instruction at Shattuck should be considered related to the conduct of Legacy’s business, and the majority erred in affirming the district court’s holding of no coverage even arguably existing under this prong. Minnesota law requires us to give Paine the benefit of the doubt. The majority, by its narrow reading of the “related to” prong, ignores this precept and instead extends the benefit to Regent.
For the above reasons, I respectfully dissent.

. The policy also contains a special endorsement providing coverage for "any person(s), other than [Legacy’s] ‘employees,’ while acting as [Legacy's] tennis or golf professional” for damages "arising out of professional services as a tennis or golf professional.” (emphasis added). Because this endorsement contains an exclusion for Legacy employees, and there is no dispute that Paine is a Legacy employee, I agree with the majority that there is no arguable coverage under this provision.