**IN THE COURT OF APPEALS OF IOWA**

No. 23-1378
Filed March 5, 2025

**FARM BUREAU PROPERTY & CASUALTY INSURANCE COMPANY,**
    Plaintiff-Appellant,

**vs.**

**GRINNELL MUTUAL REINSURANCE COMPANY,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Worth County, Chris Foy, Judge.


A driver's insurer appeals from a ruling on a petition for declaratory judgment disputing whether the vehicle's insurer had a duty to defend the driver. **AFFIRMED.**


Dale A. Knoshaug of Dickinson, Bradshaw, Fowler & Hagen P.C., Des Moines, for appellant.

Ken D. Schueler and John T. Giesen of Dunlap & Seeger, P.A., Rochester, Minnesota (pro hac vice) and Peter Lahn, Grinnell, for appellee.


Considered by Schumacher, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

Farm Bureau Property & Casual Insurance Company appeals from a ruling on its petition for declaratory judgment concerning an insurance dispute with Grinnell Mutual Reinsurance Company. In short, the district court ruled that Grinnell Mutual was not required to reimburse Farm Bureau for defending a suit in which Grinnell Mutual had compelling extrinsic evidence that a policy exclusion applied to coverage of its insured. After applying Minnesota law to interpret the policy and Iowa law to determine the preclusive effect of a guilty plea, we affirm.

The underlying facts are largely undisputed. In 2018, Jonathan Anderson was driving a pickup truck owned by his friend Luke Hershey and the Hershey family. Anderson was intoxicated and crashed the truck, seriously injuring his passenger, Joshua Olson. Anderson pled guilty to operating a motor vehicle without the owner's consent and operating while intoxicated arising out of these events. As part of the factual basis for the plea, Anderson admitted that he operated the truck "without [the] consent of Luke Hershey."

At the time of the crash, the Hersheys' truck was insured by Grinnell Mutual for liability against bodily injuries under a motor vehicle policy. Anderson was insured against liability for bodily injuries under a motor vehicle policy issued by Farm Bureau.

Olson filed a lawsuit against the Hersheys, Grinnell Mutual, and his own insurance policy, seeking to recover damages from the crash. There was a dispute between Grinnell Mutual and Farm Bureau over who would be responsible for Anderson's defense, and Farm Bureau ultimately supplied a defense under a reservation of rights due to its status as excess insurer. The Olson lawsuit settled.

Farm Bureau subsequently filed a petition for declaratory judgment leading to this appeal, seeking a ruling that Grinnell Mutual was required to reimburse Farm Bureau for the costs of defending Anderson in the Olson lawsuit.

The district court ruled in favor of Grinnell Mutual, relying on an exclusion in its policy coverage of the Hersheys' vehicle providing no coverage for an insured—which includes "[a]ny person using '[the] covered auto'"—"[u]sing a vehicle without a reasonable belief that that 'insured' is entitled to do so." In other words, the provision excluded non-permissive drivers from coverage. Based in part on the preclusive effect of Anderson's guilty plea, the district court ruled that Grinnell Mutual "reasonably and correctly" concluded the exclusion applied and it was not required to defend Anderson in the Olson lawsuit. As a result, the court ruled, Grinnell Mutual had the right to decline the tender of defense from Farm Bureau and was not required to reimburse the costs of defense.

On appeal, Farm Bureau contends that, because the petition alleged facts which (if true) could establish Anderson had permission to drive the truck, Grinnell Mutual was required to defend him. Grinnell Mutual responds that, under applicable case law, its duty to defend was not defined solely by the facts alleged in the petition, and that the outside facts known to it—namely Anderson's guilty plea—made clear it had no duty to defend him. We review the district court's interpretation of the policy for correction of errors at law. *Boelman v. Grinnell Mut. Reins.*, 826 N.W.2d 494, 500 (Iowa 2013).

The district court concluded, and the parties do not dispute, that Minnesota law governs interpretation of the policy. The district court's ruling was informed in large part by *Haarstad v. Graff*, 517 N.W.2d 582, 584–85 (Minn. 1994), in which

the Minnesota Supreme Court held an insurer may properly decline to defend its insured when the insurer has knowledge of facts outside the complaint which clearly establish the insured's acts are excluded from coverage. *See also Franklin v. W. Nat'l Mut. Ins.*, 574 N.W.2d 405, 407 (Minn. 1998) ("An insurer seeking to escape the duty to defend bears the burden of establishing that all parts of a cause of action clearly fall outside the scope of coverage."). We agree with the district court that Anderson's guilty plea, including its underlying factual basis, makes clear he did not have permission to drive the vehicle. "The rule is well established in Iowa[1] that a validly entered and accepted guilty plea precludes a criminal defendant from relitigating essential elements of the criminal offense in a later civil case arising out of the same transaction or incident." *Dettmann v. Kruckenberg*, 613 N.W.2d 238, 244–45 (Iowa 2000). Anderson not having permission to drive the Hersheys' vehicle was an essential element of the criminal offense of operating without consent. *See* Iowa Code § 714.7 (2018). And this civil suit arises out of the same incident—the 2018 crash. As a result, the claim (at least as to Anderson) is excluded from Grinnell Mutual's policy coverage. We affirm the district court's conclusion Grinnell Mutual was not required to defend Anderson in the Olson lawsuit.

**AFFIRMED.**

---

[1] Farm Bureau has not argued that any other jurisdiction's law applies to the issue-preclusion question. In any event, "Under the full faith and credit clause, the preclusive effect of a judgment must be determined by the law of the state in which it was rendered." *Nat'l Equip. Rental, Ltd. v. Estherville Ford, Inc.*, 313 N.W.2d 538, 541 (Iowa 1981). Because judgment was "rendered" in Iowa, our law on the judgment's preclusive effect applies. *See id.*